**Dawn M. McILVEEN,
Plaintiff–Appellee,**

v.

**STONE CONTAINER CORP.,
Defendant–Appellant.**

No. 88–1778.

United States Court of Appeals,
Seventh Circuit.

Submitted July 31, 1990.*

Decided Aug. 28, 1990.

---

* After appellee failed to file a brief or respond to our order to show cause why the case should not be submitted without an appellee's brief, we ordered that the case be submitted without a brief or oral argument by appellee. *See* Circuit Rule 31.

Stephen B. Horwitz, Jacobs, Burns, Sugarman & Orlove, Chicago, for plaintiff-appellee.

Diane D. Jones, Carol B. Manzoni, Pope, Ballard, Shepard & Fowle, Chicago, for defendant-appellant.

Before COFFEY, and FLAUM, Circuit Judges, and PELL, Senior Circuit Judge.

PER CURIAM.

Dawn McIlveen filed an ERISA action in district court against Stone Container Corporation. After a bench trial, the judge entered judgment for Stone and dismissed the action with costs. Stone filed its Bill of Costs, which the district court granted in part. Stone appeals the partial denial of its costs.

In reviewing a district court's decision to grant or deny costs to a prevailing party under Fed.R.Civ.P. 54(d) and 28 U.S.C. § 1920, we will reverse the district court's determination on the reasonableness and necessity of the expenses only for an abuse of discretion. *Weihaupt v. American Medical Ass'n*, 874 F.2d 419, 430 (7th Cir.1989); *Illinois v. Sangamo Constr. Co.*, 657 F.2d 855, 864 (7th Cir. 1981).

In *Gardner v. Southern Railway Systems*, 675 F.2d 949, 954 (7th Cir.1982), we remanded for findings on the disallowance of costs, because the district court had failed to explain its denial of the bill of costs. We stated that

'[w]hen a trial court refuses to award costs to a prevailing party, it should state its reason for such disallowance. Unless an appellate court knows *why* a trial court refused to award costs to the prevailing party, it has no real basis upon which to judge whether the trial court acted within the proper confines of its discretion. *Walters v. Roadway Exp., Inc.*, 557 F.2d 521 (5th Cir.1977).'

675 F.2d at 954 (emphasis in original) (quoting *Serna v. Manzano*, 616 F.2d 1165, 1168 (10th Cir.1980)). In *SK Hand Tool Corp. v. Dresser Industries, Inc.*, 852 F.2d 936, 945 (7th Cir.1988), *cert. denied*, —— U.S. ——, 109 S.Ct. 3241, 106 L.Ed.2d 589 (1989), we stated that to "facilitate our review of contested costs awards, we ask the district courts, in the future, to explain in some detail how they arrived at amounts they consider to be reasonable." Similarly, in *Weihaupt*, 874 F.2d at 430–31, we remanded for a hearing and determination by the district court as to whether the costs at issue were allowable and reasonable. We reasoned that

the district court merely restated Weihaupt's objection to the AMA's bill of costs and concluded that the AMA was entitled to recover its costs in the requested amounts from Weihaupt. The court failed to make any findings on, and thus we are unable to review, whether the expenses the AMA labeled 'costs incidents to depositions' and 'fees for exemplification and photocopying' were allowable, much less determine whether they were reasonable in amount and necessary to the litigation.

*Id.*

The district judge in the present case explained the partial disallowance of costs by stating:

Plaintiff's objections to defendants' bill of costs are sustained. There was utterly no reason to order the trial testimony transcribed. The Vianna deposition ex-penses were unnecessary as were his trial testimony expenses. Photocopies of court filings are not recoverable. Neither is computerized research. Costs are approved in the amount of $1314.10. Judgment is entered accordingly.

The most immediate problem with the district court's judgment is that we are unable to decipher how the court arrived at the figure of $1314.10, and what figures it used for each disallowance. Stone's Bill of Costs requested a total of $4,799.80.[1] The district court disallowed the transcription of the trial testimony ($1,468), specific deposition expenses ($571.35), certain trial testimony expenses ($120, $253, $184, $75.50, $339), photocopies of court filings ($27.90), and computerized research ($313).[2] These figures yield a total cost award of $1448.05. It is, therefore, difficult to calculate the exact disallowances included in the district court's partial denial of costs.

Further, even if one could discern with certainty the overall calculation scheme used by the district court, we have not been supplied with detailed findings regarding the reasonableness and necessity of the trial testimony and deposition disallowances. Appellant challenges the determination that these costs were unnecessary, and it is a difficult task for us to determine whether the court abused its discretion on these determinations given the scope of the findings.

Nevertheless, on occasion we have independently reviewed the district court record to make the determination of whether costs were reasonable and necessary to the litigation. In *Allen & O'Hara Inc. v. Barrett Wrecking, Inc.*, 898 F.2d 512, 517 (7th Cir.1990), we held that, while a written explanation for the district court's denial of costs would have been helpful, the court's failure to provide such an explanation did not require reversal because the court "was clearly within its discretion." In *Mary Beth G. v. City of Chicago*, 723 F.2d

---

1. Stone's appellate brief states that it's Bill of Costs requested $4,567.20, but we find no support or explanation for that statement. Br. at 2. Moreover, even using the $4,567.20 figure as the starting point for the disallowances calculation does not yield a figure of $1,314.10.

2. These disallowance figures are taken from our reading of the figures attached to Stone's Bill of Costs.

1263, 1282 (7th Cir.1983), although we were unable to review the decision regarding reasonableness of the costs because of the district court's lack of findings, after examining all the facts presented, we determined that the requested costs were reasonable and necessary. Similarly, in this case, in view of the abbreviated findings by the trial judge, the relatively modest difference between the sums involved, and the interests of judicial economy, we have chosen to conduct an examination of whether the district court's denial of costs was an abuse of discretion rather than remand for a futher explanation.

The analysis we are required to undertake when a district court advances such a limited basis for its denial of costs is clearly one better suited for the trial judge, given his or her first-hand familiarity with the facts of the case. Accordingly, we again strongly request district courts to specify the costs which are being disallowed in greater detail than was offered here, and to provide factual findings to support those disallowances which are based on a finding of unreasonableness or a lack of necessity to the litigation.

■ After reviewing the district court record in detail, we affirm the district judge's partial denial of costs. The district court found unnecessary the expenses associated with obtaining a transcript of the trial testimony. We do not believe the district court abused its discretion in making that determination. Although such transcripts need not actually be used at trial to be considered "reasonably necessary for use in the case," *Sangamo Constr. Co.*, 657 F.2d at 867, the court could properly deny such costs when Stone's only use of the three-day trial transcription was to verify witness credibility.

■ The costs Stone requests for the deposition expenses of witness Antonio Vianna consist of $50.00 for renting a conference room for taking his deposition by telephone, and the $521.35 expense of having an attorney for Stone travel to San Francisco for the deposition. The district court did not abuse its discretion in finding that neither expense was necessary, given that the deposition could have instead been conducted from Vianna's home or office, and the attorney's presence at the deposition, while possibly helpful or supportive for the witness, was not actually necessary. *See Wahl v. Carrier Mfg. Co., Inc.*, 511 F.2d 209, 217 (7th Cir.1975) (holding that travel expenses incurred in attending depositions are not recoverable as costs).

■ The district court also found unnecessary Vianna's expenses, consisting primarily of a travel and subsistence allowance. The court apparently concluded that his testimony was unnecessary. Since the district court had a closer perspective on Vianna's connection to this case, and because the award of travel expenses should be limited to situations where the district court finds both the testimony and the expenses themselves to have been necessary, we will not reverse the court's denial of these expenses here.

■ Although the cost of "copies of papers necessarily obtained for use in the case" are recoverable under 28 U.S.C. § 1920(4), we agree with the district court that the $27.90 spent to copy court filings was not recoverable under this section. "The phrase 'for use in the case' refers to materials actually prepared for use in presenting evidence to the court...." *E.E.O.C. v. Kenosha Unified School Dist. No. 1*, 620 F.2d 1220, 1227–28 (7th Cir. 1980). The section thus does not encompass Stone's copying of court filings for its own use.

■ The district court's denial of Stone's request for computerized research as part of its costs was not an abuse of discretion because such expenses are more akin to awards under attorneys fees provisions than under costs. *See, e.g., Levka v. City of Chicago*, 107 F.R.D. 230, 231 (N.D.Ill. 1985) (computerized legal research expenses awarded under 42 U.S.C. § 1988 attorneys' fees provision). A court, therefore, has the discretion to deny such expenses under a request for costs.

■ Finally, although Stone is correct that this Circuit allows for interest on costs

from the date the costs award is entered, *Ohio–Sealy Mattress Mfg. Co. v. Sealy Inc.*, 776 F.2d 646, 662 (7th Cir.1985), it is within our discretion to deny such a request. We believe the amount awarded by the district court adequately compensates Stone and that interest on that award is not required here.

### Conclusion

While we reiterate our concern over district court orders that insufficiently detail the court's reasons for denying costs, we find no abuse of discretion here. Accordingly, we affirm the partial denial of costs to Stone.

AFFIRMED.