James GOLUBA, Sr., Plaintiff,

v.

BRUNSWICK CORPORATION, MERCURY MARINE DIVISION, a Delaware corporation, Defendant.

No. 89–C–1256.

United States District Court,
E.D. Wisconsin.

Nov. 18, 1991.

David A. Goluba, Ripon, Wis., for plaintiff.

Foley & Lardner by Lawrence T. Lynch, Milwaukee, Wis., for defendant.

## DECISION and ORDER

MYRON L. GORDON, Senior District Judge.

On October 12, 1989, the plaintiff James Goluba, Sr., commenced this action against Brunswick Corporation, Mercury Marine Division ("Mercury Marine"), alleging that he was terminated by Mercury Marine because of his age in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* On June 11, 1991, after a seven-day jury trial, the jury deliberated briefly and returned a verdict in favor of Mercury Marine. This court then entered a judgment dismissing the action with costs pursuant to Rule 54(d), Federal Rule of Civil Procedure. Subsequently, the clerk of court assessed against James Goluba, costs in the sum of $4,023.35.

Presently before the court, is James Goluba's "Motion for Review of Costs Pursuant to Rule 54(d)" and supporting memorandum which seeks a modification of the determination of costs by the clerk. *See also* Local Rule 9, Section 9.03. For the reasons stated herein, I conclude that not all of the copywork expenditures were reasonably necessary for Mercury Marine's defense; therefore, James Goluba's motion will be granted and the clerk of court's assessment of costs will be modified.

### A.

The clerk assessed against the plaintiff a sum of $4,023.35, of which $2,029.55 represented copywork expenses incurred by Mercury Marine. The record discloses that the copywork charges were imposed upon Mercury Marine for 11,136 copies made by Foley & Lardner, its counsel, during the course of its defense of this action. In his present motion, James Goluba objects to the clerk's determination of costs insofar as it assessed against him these expenses incurred by Mercury Marine for copywork. Specifically, the plaintiff objects to being charged for expenses associated with discovery reproduction and with copies of pleadings and other court filings.

Insofar as the discovery reproduction expenses are concerned, James Goluba objects on two distinct grounds: (1) a portion of the $2,029.55 assessment ($324.15) for discovery reproduction was improper because it related to documents that *he* presented as evidence to the court; and (2) he was assessed for discovery reproduction that was not introduced as evidence at trial.

The plaintiff also objects to being assessed for expenses associated with copies of pleadings and other court filings. He asserts that of the 11,136 copies, 1,082 were multiple copies of pleadings and other documents filed with the court which are not properly recoverable because they were not utilized to present evidence to the court. The plaintiff contends that the 1,082 copies were comprised of *four* sets of copies of each of the pleadings and other documents filed with the court; for every pleading and document filed with the court, the court received an original and *one* pho-

tocopy (which is consistent with Local Rule 5, Section 5.01); James Goluba, Mercury Marine, and Mercury Marine's counsel each received one photocopy.

In addition, the plaintiff asserts the lack of itemization in Mercury Marine's bill of costs as a ground for objection. It is his contention that Mercury Marine must show the nature of the documents copied or how the documents were necessary for use in the case if copywork charges are to be reimbursable.

In response to each of James Goluba's objections, Mercury Marine conclusorily asserts that the copywork expenses were properly assessed against the plaintiff because the copies were reasonably necessary to defend itself against his claim. It asserts that the number of copies it created during the pendency of the action—11,-136—was entirely reasonable considering the length of the trial, the number of contested issues and the amount of time devoted to the case in its entirety.

Notably, Mercury Marine does not dispute that there were 1,082 copies of pleadings and other documents filed with the court; however, it states in its brief (with emphasis added) that of the 1,082 copies of pleadings and other court filings, *"two copies* were needed for the Court, one for Goluba, one for Mercury Marine, and one for Mercury Marine's counsel." Thus, Mercury Marine's counsel contends that there existed *five* sets of copies within the 1,082 copies. In light of the apparent conflict, I will accept the position of Mercury Marine's counsel, that there existed five sets of copies. After all, it was Mercury Marine's counsel who actually had the photocopies made.

### B.

A district court has authority to award costs:

> Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs.... Costs may be taxed by the clerk on one day's notice.

Rule 54(d), Federal Rule of Civil Procedure; *see also* Local Rule 9, Section 9.01.

■ Although a district court has the authority to award costs, not all expenses in connection with a lawsuit are recoverable costs; only costs specifically recognized by statute are recoverable. *See State of Illinois v. Sangamo Construction Co.*, 657 F.2d 855 (7th Cir.1981). The general taxation of costs statute provides:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> .  .  .  .  .
>
> (4) Fees for exemplification and copies of papers *necessarily* obtained for use in the case;

28 U.S.C. § 1920 (emphasis added). Moreover, Local Rule 9, Section 9.02(d), provides that costs incurred for copies that are "reasonably necessary for use in the case" are taxable. The prevailing party or the party against whom costs are assessed may seek review of the clerk's decision on motion served within five days of the day of the taxation of costs. *See* Rule 54(d), Federal Rules of Civil Procedure; Local Rule 9, Section 9.03.

■ The court of appeals for the seventh circuit has determined that when ascertaining which expenses are recoverable under Rule 54(d), the district court's inquiry is two-fold: "1) are the expenses recoverable 'costs'? and 2) are the costs reasonable, both in amount and necessity?" *Sangamo Construction Co.*, 657 F.2d at 864. While the district court has considerable discretion in determining whether the expenses claimed by the prevailing party are recoverable costs and taxable against the losing party, this discretion is not unfettered. *See SCA Services, Inc. v. Lucky Stores*, 599 F.2d 178, 180 (7th Cir.1979).

The disputed expenses in this case are those relating to copywork billed by Mercury Marine's counsel to Mercury Marine. Notably, only copies that were "necessarily obtained for use in the case" are recoverable under the general taxation of costs statute. *See* 28 U.S.C. § 1920(4). The phrase "for use in the case," as that phrase

is used in 28 U.S.C. § 1920(4), contemplates that the materials be "actually prepared for use in presenting evidence to the court." *McIlveen v. Stone Container Corp.*, 910 F.2d 1581, 1584 (7th Cir.1990) (§ 1920(4) does not encompass copying of court filings for personal use) (*quoting EEOC v. Kenosha Unified School District No. 1*, 620 F.2d 1220, 1227–28 (7th Cir. 1980)). However, the "underlying documents need not be introduced at trial in order for the copying costs to be recoverable." *Sangamo Construction Co.*, 657 F.2d at 867.

### C.

James Goluba timely filed his objection to the clerk's decision to assess costs against him in the sum of $4,023.35. *See* Rule 54(d), Federal Rules of Civil Procedure; Local Rule 9, Section 9.03. In order for this court to sustain his objection, he must demonstrate that the charges assessed against him were not recoverable under Rule 54(d); he has partially succeeded in making this demonstration.

■ As a preliminary matter, the court notes that while James Goluba has objected to the copywork expenses in general, he has not raised a specific objection to the copywork rates applied by Mercury Marine's counsel. The record discloses that the disputed copies cost 15 cents per page prior to May 9, 1991, and 20 cents per page thereafter. Thus, in the absence of an objection to these rates and in light of the court's own general perception of the prevailing rate for photocopying, the court is persuaded that these rates are reasonable. *See Sangamo Construction Co.*, 657 F.2d at 864.

■ With respect to the 1,082 photocopies of pleadings and the other documents filed with the court, James Goluba has demonstrated that, of the five sets of copies, three sets—those provided to Mercury Marine, its counsel, and one of the sets provided to the court—were *not* prepared for use in presenting evidence to the court. Indeed, the copies that were prepared by Mercury Marine's counsel for itself and for Mercury Marine were actually prepared for

their *own* use. According to the rationale in *McIlveen*, I doubt that the costs associated with these copies are recoverable under 28 U.S.C. § 1920(4). *See McIlveen*, 910 F.2d at 1584. In addition, one of the sets of copies which was provided to the court was not "necessarily obtained for use in the case" since Mercury Marine was not obligated to present the court with *two* sets of copies, but only *one*. *See* Local Rule 5, Section 5.01.

On the other hand, because Mercury Marine was obligated to provide the court and James Goluba each with a single copy of its pleadings and other filings, the expenses associated with these sets of copies are recoverable costs. *See* Rule 5, Federal Rules of Civil Procedure; 28 U.S.C. § 1920(4). *See also* Local Rule 5, Section 5.01; Local Rule 9, Section 9.02(d). Hence, the court is persuaded that only the charges incurred for two of the five sets of copies of the pleadings and other court filings are recoverable "costs" and were reasonably necessary for Mercury Marine's defense. *See Sangamo Construction Co.*, 657 F.2d at 864.

■ Insofar as James Goluba objects that he was improperly assessed for discovery reproduction, he has partially succeeded in demonstrating that such expenses are not recoverable under Rule 54(d). In determining which expenses are recoverable under Rule 54(d), both I and the plaintiff have been hampered by Mercury Marine's failure to itemize its copywork charges. As Mercury Marine was the only party capable of ascertaining and identifying the expenses that it incurred during the litigation of this action, Mercury Marine was obligated to provide James Goluba, the clerk of court, and this court with an itemized bill of costs disclosing the nature and content of its expenditures.

■ In the absence of an itemized bill of costs, James Goluba asserts that in addition to the 1,082 copies of pleadings and other court filings, 10,054 copies represent discovery reproduction. In the absence of any evidence to the contrary, this court will accept the plaintiff's representation. He

contends that this volume of discovery reproduction was not necessary for Mercury Marine's defense insofar as the reproductions were of evidence he (the plaintiff) presented to the court and of documents not used by Mercury Marine to present evidence to the court.

■ While James Goluba has successfully called into question the reasonableness and the necessity of the volume of copies relating to discovery reproduction, Mercury Marine merely responded by asserting that all of the copies that it made were reasonably necessary to its defense against Mr. Goluba's claim. This conclusory assertion, without any verification, is insufficient to establish that all of the discovery reproduction was "reasonably necessary for use in the case." *See M.T. Bonk v. Milton Bradley Company and Hasbro Co.*, 945 F.2d 1404 (7th Cir.1991) (copying expenses were recoverable where prevailing party *verified* that the copying expenses included only amounts spent copying documents produced by the losing party and third parties, and pleadings and exhibits submitted to the district court); Local Rule 9, Section 9.02(d).

Mercury Marine failed to verify that all of the 10,054 copies made relating to discovery reproduction were reasonably necessary to its defense of James Goluba's claim. Hence, in the exercise of its discretion, this court finds that only 5,000 copies were reasonably necessary for discovery reproduction in light of (a) the complexity of the case, (b) the length of the trial, and (c) the number of legal issues raised. Thus, only the expenses attributable to *5,000* of the 10,054 copies relating to discovery reproduction are recoverable. *See* Rule 54(d), Federal Rules of Civil Procedure; 15 U.S.C. § 1920(4). *See also* Local Rule 9, Section 9.02(d).

Accordingly, the recoverable costs in this action are limited to the expenditures attributable to (1) the two sets of copies of the pleadings and the other court filings (those made for the court and for Mr. Goluba), and (2) 5,000 copies of documents relating to discovery reproduction.

The record reveals that the two sets of copies of the pleadings that were prepared for the court and for James Goluba consisted of 433 copies. This figure was arrived at by dividing the total number of copies of pleadings and other court filings (1,082) by five (the total number of sets of copies made); this yields 216.40 copies per set. This figure (216.40), when it is multiplied by two, reveals the total number of copies prepared for the court and for the plaintiff: 432.80 or 433. Consequently, James Goluba will be taxed for 5,433 copies, rather than 11,136 copies.

In addition, the rate that will be applied per copy must be ascertained. Because neither party disclosed how many copies were made prior to May 9, 1991, when the 15 cents per copy rate was in effect and how many copies were made thereafter, when the 20 cents per copy rate was in effect, the court has had to undertake that determination itself. Thus, the court concludes that one-half of the copies were made when the 15 cents per copy rate was in effect, and one-half of the copies were made when the 20 cents per copy rate was in effect. Based on these rates, the recoverable costs for copywork expenses will be adjusted from $2,029.55 to $950.78 (*i.e.*, 2,716.50 × .15 = $407.48; 2,716.50 × .20 = $543.30; $407.48 + $543.30 = $950.78); therefore, the *total* amount of recoverable costs in this action will be adjusted from $4,023.35 to $2,944.58.

Accordingly, Mercury Marine will be directed to submit for approval by the court a revised bill of costs consistent with the modifications set forth in this decision. Upon approval of the revised bill of costs, the clerk of court will once again assess the costs in this action against James Goluba.

Therefore, IT IS ORDERED that James Goluba's motion for review of costs be and hereby is granted.

IT IS ALSO ORDERED that Mercury Marine be and hereby is directed to serve and file, no later than November 29, 1991, a revised bill of costs for the court's ap-

proval that reflects the modifications contained in this decision and order.