The **STATE OF KANSAS, ex rel. Robert T. STEPHAN, Attorney General, State of Kansas, Plaintiff,**

v.

**DEFFENBAUGH INDUSTRIES, INC., et al., Defendants.**

**Civ. No. 92–2049–KHV.**

United States District Court, D. Kansas.

March 29, 1994.

Timothy P. Orrick, Parkinson, Foth & Reynolds, Lenexa, KS, Reid F. Holbrook, Holbrook, Heaven & Fay, P.A., Kansas City, KS, Theodore F. Fay, Holbrook, Heaven & Fay, P.A., Merriam, KS, for State of Kan. ex rel. Robert Stephan.

Dennis W. Moore, Moriarty, Erker & Moore, Overland Park, KS, David M. Rhodus, Douglas T. Sloan, Richard D. Rhyne, Ward K. Brown, Julie F. Keith, Craft, Fridkin & Rhyne, Stephen G. Mirakian, Cheryl A. Pilate, James R. Wyrsch, Wyrsch, Atwell, Mirakian, Lee & Hobbs, Kansas City, MO, Richard J. Braun, Richard J. Braun & Associates, Nashville, TN, for Deffenbaugh Industries, Inc., Ronald D. Deffenbaugh, Joseph E. Wehmeyer.

James D. Baker, Baker & Baker, Kansas City, KS, Stephen G. Mirakian, Cheryl A. Pilate, James R. Wyrsch, Wyrsch, Atwell, Mirakian, Lee & Hobbs, John R. Campbell, Jr., Loughlin, Johnson, Campbell & Martin, Kansas City, MO, for AC Industries Inc., Angelo Cambiano.

Melissa Farley Sebree, Miller & Co. P.C., Kansas City, KS, Stephen G. Mirakian, Cheryl A. Pilate, James R. Wyrsch, Wyrsch, Atwell, Mirakian, Lee & Hobbs, Kansas City, MO, for Browning–Ferris Industries of Kansas City, Inc. aka BFI, Inc.

Patrick D. McAnany, McAnany, Van Cleave & Phillips, P.A., Lenexa, KS, Katherine E. Rich, McAnany, Van Cleave & Phillips, P.A., Kansas City, KS, Stephen G. Mirakian, Cheryl A. Pilate, James R. Wyrsch, Wyrsch, Atwell, Mirakian, Lee & Hobbs, Kansas City, MO, Roxann E. Henry, Ray S. Bolze, Howrey & Simon, Robert F. Ruyak, Washington, DC, for Belger Cartage Service, Inc.

John R. Shank, Jr., Gunn, Jones, Shank & Harman, Gladstone, MO, Kevin L. Walden, Gunn, Shank & Stover, Kansas City, MO, for Edgar Cordell.

## MEMORANDUM AND ORDER

VRATIL, District Judge.

This matter comes before the Court on *Plaintiff's Motion to Retax Costs* (Doc. # 249) filed September 28, 1993. On July 2, 1993, the Court granted the motion for summary judgment of defendant Belger Cartage Service, Inc. On September 21, 1993, the Clerk of the District Court taxed costs against plaintiff in the amount of $12,217.48. Plaintiff seeks review of these costs pursuant to Fed.R.Civ.P. 54(d) and Local Rule 219.

First, plaintiff challenges the award of $3,301.14[1] as costs for exemplification and copies. Although 28 U.S.C. § 1920(4) expressly identifies these as proper costs, plaintiff contends that (1) a copy of the transcript of the summary judgment hearing at which defendant prevailed was not necessary to defendant's case and (2) defendant has failed adequately to document the bulk of the copy charges.

The Court agrees that the copy of the summary judgment hearing transcript was not necessary to defendant's case. In addition, the Court does not consider the mere invoices submitted by defendant—which identify neither the number nor substance of copies made—sufficient to demonstrate that those copying costs were reasonably necessary to the case. Based on the Court's experience and knowledge of the case, however, the Court is satisfied that the cost of copies necessary to defendant's case would total $1500. *See, e.g., Goluba v. Brunswick Corp.,* 139 F.R.D. 652, 655–56 (E.D.Wis.1993). Should defendant possess information sufficient to establish the necessity of the balance of the claimed coping costs, it may renew its request for costs by filing a supplemental statement breaking down the claimed expenses by type of document. *See Fulton Fed. Sav. & Loan Ass'n v. American Ins. Co.,* 143 F.R.D. 292, 299–300 (N.D.Ga.1991).

Second, plaintiff challenges the award of $453.12 for the mediator's fee, which Judge Rushfelt apportioned pursuant to Local Rule 214. The legislative history to § 1920(6) expressly refers to court-appointed expert witnesses "as permitted by rule 706 of the Federal Rules of Evidence." H.R.Rep. No. 95–1687, 95th Cong.2d Sess. 13, *reprinted in* 1978 U.S.C.C.A.N. 4652, 4664; *see also National Org. for the Reform of Marijuana Laws v. Mullen,* 828 F.2d 536, 545 n. 7 (9th Cir.1987) (court-appointed master not a § 1920(6) expert). Although the mediator may be an "expert in the law," he or she is not a Rule 706 expert witness whose costs are taxable under § 1920(6).

Finally, plaintiff challenges the award of $8,463.22 for deposition transcripts, re-

---

1. The parties agree that the correct sum of defendant's submitted copying costs was $3,346.99.

porter fees, and witness and mileage fees for the deponents. The Court has great discretion to tax these costs upon finding that they were necessarily obtained for use in the case. 28 U.S.C. § 1920(2). The Court views the reasonable necessity of such costs " 'in light of the facts known to counsel at the time [the deposition] is taken.' " *Miller v. Union Pacific R.R.*, No. 84–2174–S, 1990 WL 133541, at *2 (D.Kan. Aug. 27, 1990) (quoting *Copper Liquor, Inc. v. Adolph Coors Co.*, 684 F.2d 1087, 1099 (5th Cir.1982)). The Court is satisfied that the referenced depositions, while not all incorporated into any single motion, were timely performed and obtained for use in the case and not for general investigative purposes. Plaintiff did note that defendants listed $260.00 for "min-u-scripts" and diskettes of certain depositions, which it claims are provided solely for the convenience of the parties. Because defendant does not respond to this issue, the Court adopts plaintiff's contention and disallows those costs.

**IT IS THEREFORE ORDERED** that *Plaintiff's Motion to Retax Costs* (Doc. # 249) be and hereby is **SUSTAINED.** The Clerk of the Court is directed to retax defendant's costs to the plaintiff in the amount of $9,150.54, which reflects the reductions detailed above.