**KANSAS TEACHERS CREDIT UNION, Plaintiff,**

v.

**MUTUAL GUARANTY CORPORATION, Defendant.**

**Civil Action No. 94–1524–DES.**

United States District Court, D. Kansas.

Oct. 29, 1997.

Ron D. Beal, Klenda, Mitchell, Austerman & Zuercher, L.L.C., Wichita, KS, for Plaintiff.

James D. Oliver, Foulston & Siefkin L.L.P., Wichita, KS, James L. Grimes, Jr., Foulston & Siefkin, Topeka, KS, William C. Carriger, Robert Kirk Walker, Strang, Fletcher, Carriger, Walker, Hodge & Smith, Chattanooga, TN, for Defendant.

### MEMORANDUM AND ORDER

SAFFELS, District Judge.

Defendant prevailed on summary judgment. This matter is before the court on plaintiff's Motion to Re–Tax Costs (Doc. 62). Plaintiff claims that $390.76 of the $604.81 awarded defendant are not properly recoverable under 28 U.S.C. § 1920. Specifically, plaintiff claims that the clerk improperly taxed the costs of Henry Buset's deposition, the signature fee incident to the deposition of Mr. Buset, the telephone calls, letter and service relating to the subpoena duces tecum, and the expense for the admission, pro hac vice, of attorney Robert Walker.

Fed.R.Civ.P. 54(d)(1) authorizes the taxing of costs "to a prevailing party unless the court otherwise directs." Title 28 U.S.C. § 1920 outlines taxable costs by category:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witness;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under § 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

A trial court has no discretion to award costs not listed in § 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 441–42, 107 S.Ct. 2494, 2497–98, 96 L.Ed.2d 385 (1987). The prevailing party

has the burden of proving that the expenses sought to be taxed fall within the § 1920 categories. *Green Constr. Co. v. Kansas Power & Light Co.*, 153 F.R.D. 670, 675 (D.Kan.1994). If the prevailing party carries this burden, a presumption arises in favor of taxing those costs. *U.S. Indus., Inc. v. Touche Ross & Co.*, 854 F.2d 1223, 1245 (10th Cir.1988). The amount of such costs, however, must be carefully reviewed to ensure that it is reasonable. *Id.* (citation omitted). A trial court reviews de novo the clerk's assessment of costs and the final award rests in the sound discretion of the court. *Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 232–33, 85 S.Ct. 411, 415, 13 L.Ed.2d 248 (1964).

### 1. Mr. Buset's Deposition

■ 28 U.S.C. § 1920(2) allows the court to tax as costs the fees of a court reporter for any part of the stenographic transcript necessarily obtained for use in the case, including deposition expenses submitted to the court on a successful motion for summary judgment. 10 CHARLES ALAN WRIGHT, ARTHUR R. MILLER, MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 2676 (1983). Deposition expenses submitted to the court may be taxed if the deposition reasonably appeared necessary at the time it was taken. *State, ex rel. Stephan v. Deffenbaugh Indus., Inc.*, 154 F.R.D. 269, 270 (D.Kan.1994). Depositions not necessarily obtained for use in the case are not taxable as costs. *See Felts v. National Account Sys. Assn., Inc.*, 83 F.R.D. 112, 113–14 (N.D.Miss. 1979). The taxing of deposition costs will not be allowed, for example, where the deposition is "purely investigatory in nature." *Ortega v. City of Kansas City, Kan.*, 659 F.Supp. 1201, 1218 (D.Kan.1987), *rev'd on other grounds*, 875 F.2d 1497 (10th Cir.1989).

■ Plaintiff objects to the $282 assessed for the deposition of Mr. Buset, president of Kansas Teachers Credit Union. Of that sum, $272 was for the original deposition transcript and $10 was for a "signature" fee. Plaintiff argues that the deposition of Mr. Buset was not necessary for the defendant to litigate this case but was instead taken by defendant for purposes of convenience or investigation. The court disagrees. Defendant's brief in support of its Motion for Summary Judgment contained about a dozen references to Mr. Buset's testimony. That the court's decision was not substantially premised on Mr. Buset's testimony does not establish that the deposition did not reasonably appear necessary at the time it was taken. Plaintiff's argument is not convincing enough to overcome the presumption in favor of taxing the cost of Mr. Buset's deposition.

### 2. Signature Fee

■ Plaintiff also challenges the $10 "signature" fee charged by the court reporter for sending the deposition transcript to Mr. Buset for his review and signature. Plaintiff claims this expense was "simply incident to the Buset deposition, and is not a 'cost' contemplated under § 1920(2)." Defendant does not contest this point, but argues the fee could have been avoided if plaintiff had waived signature. Defendant's argument does not explain, however, why plaintiff's failure to waive signature changes the fee into a cost covered under 28 U.S.C. § 1920(2). The cost of the "signature" fee will therefore be denied.

### 3. Subpoena Duces Tecum

■ Plaintiff objects to the $83.76 assessed for defendant's costs in effecting service of a subpoena duces tecum on Mr. Buset. This fee was paid by defendant to the law offices of Randall Palmer for services which included telephone calls, a letter, serving of the subpoena, and preparing the return of service. Plaintiff argues that this fee amounted to an attorney's fee which is not contemplated under 28 U.S.C. § 1920. Plaintiff also contends that it was not necessary to subpoena Mr. Buset since he was president of the plaintiff credit union. Defendant claims that payment for service of a subpoena does not constitute payment for legal services. Defendant also claims that the subpoena issued was necessary because it was directed to personal documents not necessarily related to Mr. Buset's service as plaintiff's president. The court disagrees with plaintiff's argument that the subpoena was unnecessary, but in light of 28 U.S.C. § 1920's exclusion of attorney's fees, the court will reduce the amount taxed to

$40.00—the amount charged by the United States Marshall Service for serving process.

### 4. Local Counsel

Finally, plaintiff objects to the $25 assessment representing the fee for the admission, pro hac vice, of attorney Robert Walker. Plaintiff argues that Mr. Walker's admission was unnecessary in light of attorney William Carriger's admission pro hac vice. Thus, plaintiff argues, Mr. Walker's admission was merely for the convenience of the defendant and not covered under 28 U.S.C. § 1920. Defendant claims that Mr. Walker "appeared on all material pleadings." Apparently, however, the only pleading on which Mr. Walker's name appeared is defendant's summary judgment motion, and his name was simply typed, not signed. Nor was he present for any hearing or deposition. Under the circumstances of this particular case, the need for Mr. Walker's admission does indeed appear to have been unnecessary, and the $25 assessment representing the fee for his admission will be disallowed.

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff's Motion to Re-Tax Costs (Doc. 62) is granted in part and denied in part. The Clerk of the Court is hereby directed to disallow the $10 signature fee and the $25 fee for the admission, pro hac vice, of attorney Robert Walker. The fee for service on Mr. Buset of the subpoena duces tecum may be allowed up to $40. In all other respects, plaintiff's motion is denied.