**Larry L. LITTLE, Plaintiff–Appellant,**

v.

**MITSUBISHI MOTORS NORTH AMERICA, INC., Defendant– Appellee.**

**No. 07–2392.**

United States Court of Appeals, Seventh Circuit.

Submitted Dec. 19, 2007.*

Decided Jan. 30, 2008.

---

* After an examination of the briefs and the

record, we have concluded that oral argu-

Larry Little, pro se.

Mark S. Mester (submitted), Latham & Watkins, Chicago, IL, for Defendant–Appellee.

Before RIPPLE, MANION and WOOD, Circuit Judges.

PER CURIAM.

Larry Little, an African American, sued his former employer, Mitsubishi Motors North America, Inc., alleging that it discriminated against him on the basis of race when it laid him off as part of a reduction in force. The district court granted summary judgment and awarded costs to Mitsubishi. Mr. Little appeals both judgments, but because only the appeal of the award of costs raises a novel issue, we limit this opinion to that appeal. We address Mr. Little's appeal from the grant of summary judgment on his underlying claim of discrimination in a separate non-precedential order also issued today. For the reasons set forth in this opinion, we affirm the district court's judgment awarding costs to Mitsubishi.

## I

## BACKGROUND

The facts underlying Mr. Little's discrimination claim are set forth in our com-

ment is unnecessary. Thus, the appeals are submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

panion nonprecedential order and need not be repeated here. After the district court granted summary judgment to Mitsubishi, Mitsubishi moved under Federal Rule of Civil Procedure 54(d) for an award of costs and submitted a bill totaling $16,978.86. Mitsubishi sought costs for copies of papers, court reporter services, telephone charges, postage, delivery services and service of summonses and subpoenas. After overruling Mr. Little's objections to Mitsubishi's bill of costs, the district court granted the motion, awarding Mitsubishi all but $79.98 of the costs it sought. Mr. Little timely appealed, contending (1) except for telephone use, none of the costs awarded were authorized by statute; (2) costs for copying documents, telephone use and delivery services were unreasonable; and (3) costs of video-recording his deposition, copying documents and serving summonses and subpoenas were unnecessary.

## II

### DISCUSSION

■ We review an award of costs for abuse of discretion. *Ogborn v. United Food & Commercial Workers Union, Local No. 881,* 305 F.3d 763, 767 (7th Cir. 2002). Federal Rule of Civil Procedure 54(d) provides that costs should be allowed as a matter of course to the prevailing party. *See* Fed.R.Civ.P. 54(d). Mr. Little maintains that the particular costs awarded to Mitsubishi are either not permitted as a matter of law or are so unreasonable or unnecessary as to constitute an abuse of discretion.

■ A district court may not tax a prevailing party's costs to the losing party under Rule 54(d) unless the specific expense is authorized by a federal statute.

*Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 441–42, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987); *Republic Tobacco Co. v. N. Atl. Trading Co.,* 481 F.3d 442, 447 (7th Cir.2007). Mr. Little contends that the award of costs for copies, computerized research, summonses, subpoenas, delivery services and a video-recorded deposition are not authorized by 28 U.S.C. § 1920. We disagree.

■ All of the above costs are authorized by § 1920. The only novel issue is whether § 1920 authorizes awarding costs for stenographically transcribing a video-recorded deposition. The first half of Mr. Little's contention, that § 1920 does not permit district courts to award costs for video-recorded depositions at all, is foreclosed by our prior decisions holding that such costs may be taxed. *See Barber v. Ruth,* 7 F.3d 636, 645 (7th Cir.1993); *Commercial Credit Equip. Corp. v. Stamps,* 920 F.2d 1361, 1368 (7th Cir.1990). The more subtle question raised by Mr. Little's pro se brief, whether the costs of both video-recording and stenographically transcribing the same deposition may be taxed under the current rules, is a question of first impression in this circuit.

Prior to 1994, we held that a prevailing party could not be awarded costs for both the video-recording and stenographically transcribing a deposition. *See Barber,* 7 F.3d at 645; *Stamps,* 920 F.2d at 1369. These decisions were based on the pre–1993 version of Federal Rule of Civil Procedure 30(b)(4), which stated that, when a deposition was recorded by non-stenographic means, "a party may arrange to have a stenographic transcription made at the party's own expense." *See* Fed. R.Civ.P. 30(b)(4) (1993).[1] A 1993 amend-

---

1. The relevant provision, originally found in Rule 30(b)(4), was moved to Rule 30(b)(2)-(3) by the 1993 amendments, and again to Rule

30(b)(3) by the 2007 amendments. The 2007 amendment, however, was "intended to be stylistic only," *see* Fed.R.Civ.P. 30 advisory

ment to Rule 30 deleted the phrase "at the party's own expense," and, although we have yet to interpret the 1993 amendment, two of our sister circuits have held that amended Rule 30(b)(2)-(3) now permits district courts to tax the costs of steno-graphically transcribing a video-recorded deposition. *See Tilton v. Capital Cities/ABC, Inc.,* 115 F.3d 1471, 1478 (10th Cir. 1997); *Morrison v. Reichhold Chems., Inc.,* 97 F.3d 460, 464–65 n. 5 (11th Cir. 1996). We agree with our sister circuits' interpretation of amended Rule 30(b)(2)-(3) (now Rule 30(b)(3)) and hold that such costs may be taxed.

The text of the rule is the most reliable indicator of the intent of the rule-makers. *Cf. McMillan v. Collection Prof'ls, Inc.,* 455 F.3d 754, 762 (7th Cir.2006). Here, the rule-makers have removed the provision that we previously interpreted to bar an award of costs in this situation. Because the 1993 amendments removed the "operative language," *see Tilton,* 115 F.3d at 1478 n. 4, we must conclude that the rule-makers intended to allow the costs of both video-recording and stenographic transcription to be taxed to the losing party. *Cf. Nalley v. Nalley,* 53 F.3d 649, 652 (4th Cir.1995) ("When the wording of an amended statute differs in substance from the wording of the statute prior to amendment, we can only conclude that Congress intended the amended statute to have a different meaning.").

Section 1920 authorizes costs to be awarded for stenographic transcripts only if the transcript is "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). We agree with the Tenth Circuit that most transcripts of video-recorded depositions will fall into this category. *See Tilton,* 115 F.3d at 1478. For example, Federal Rule of Civil Procedure 26(a)(3)(A)(ii) requires any party intending to use deposition testi-

mony at trial to "provide to the other parties and promptly file" a transcript of the pertinent parts of the deposition if it was not recorded stenographically. Fed. R.Civ.P. 26(a)(3)(A)(ii). Similarly, Rule 32(c) provides that "a party must provide a transcript of any deposition testimony the party offers" at a hearing or trial. Fed. R.Civ.P. 32(c). In this case, Mitsubishi used Mr. Little's video-recorded deposition to support its motion for summary judgment, so the stenographic transcript of that deposition was necessarily obtained for use in the case.

▇ Finally, in addition to being authorized by statute, a cost must be both reasonable and necessary to the litigation for a prevailing party to recover it. *Cengr v. Fusibond Piping Sys., Inc.,* 135 F.3d 445, 454 (7th Cir.1998); *McIlveen v. Stone Container Corp.,* 910 F.2d 1581, 1582–83 (7th Cir.1990). Mr. Little contends that Mitsubishi's cost of gathering other evidence it never submitted to the court was not necessary to the litigation. He also maintains that the costs assessed for copying, telephone use and delivery charges were unreasonable. We have reviewed the record and conclude that these contentions are meritless and require no further discussion.

### Conclusion

For the foregoing reasons, the judgment of the district court is affirmed.

A~FFIRMED~

---

committee's note; it therefore does not alter

our analysis.