AMERICAN NATIONAL INSURANCE
COMPANY, Plaintiff,

v.

CITIBANK, F.S.B., Defendant,
Third–Party Plaintiff,

v.

Robert Carter et al., Third
Party Defendants.

Case No. 02 C 3390.

United States District Court,
N.D. Illinois,
Eastern Division.

June 9, 2009.

9. Mota did not move for summary judgment on this count.

Michael J. O'Rourke, Mitchell Bruce Katten, Richard F. Linden, Brian Michael Dougherty, O'Rourke, McCloskey & Moody, Chicago, IL, for Plaintiff.

Todd A. Rowden, Scott P. Clair, Timothy Binetti, Thompson Coburn LLP, Chicago, IL, for Defendant.

Robert Carter, Highland Park, IL, pro se.

Virginia Carter, Highland Park, IL, pro se.

Donald Schottland, Highland Park, IL, pro se.

Thomas Carter, Hyde Park, NY, pro se.

Kristen Carter, Ames, IA, pro se.

Paige Clenemack, Palatine, IL, pro se.

## ORDER

JOAN B. GOTTSCHALL, District Judge.

National Accident Insurance Underwriters Incorporated ("NAIU") began this case in May 2002 against Citibank F.S.B. ("Citibank"). On February 26, 2003, American National Insurance Company ("ANICO") moved to intervene in the case. *See* doc. no. 40. The court denied the motion on July 21, 2003, but granted the motion after reconsideration on October 10, 2003. *See* doc. nos. 76, 99. Citibank and NAIU settled. The court granted summary judgment in favor of Citibank and against ANICO on August 24, 2007, 533 F.Supp.2d 784, and Citibank moved to recover its costs. The judgment was affirmed by the Seventh Circuit on November 7, 2008, the U.S. Supreme Court denied certiorari, and now before the court is Citibank's amended bill of costs.[1] Citibank is seeking to recover $48,853.56 under Federal Rule of Civil Procedure 54(d), Local Rule 54.1, and 28 U.S.C. § 1920. Citibank's costs are allowed in part and denied in part as discussed below.

## I. The Settlement between Citibank and NAIU

ANICO objects to Citibank's bill of costs on several grounds, arguing first that the bill of costs should be denied in total. While ANICO and NAIU were both plaintiffs in this case at one time, Citibank settled with NAIU in March 2006 and later prevailed on summary judgment against ANICO. ANICO contends that Citibank has already agreed to shoulder its own costs in this case, because Citibank and NAIU entered into a settlement agreement and filed a stipulation of dismissal that provided that "NAIU and Citibank, by their attorneys, stipulate and agree that all claims and counterclaims

---

1. Citibank filed a Bill of Costs on November 14, 2007 (doc. no. 265) for $125,692.96. ANICO filed vigorous objections, in part because of the lack of documentation attached. (Doc. no. 268.) Citibank subsequently filed a reply, which included an Amended Bill of Costs in the amount of $48,853.56 (doc. no. 288).

filed as against each other are hereby dismissed with prejudice with each party's costs being borne by that respective party." *See* doc. no. 144. Notably, the stipulation was not signed by ANICO and ANICO was not a party to the settlement. Nevertheless, ANICO argues that, in the settlement agreement with NAIU, Citibank waived the right to recover costs from ANICO, because it agreed to shoulder past and future costs in the lawsuit while defining the term "lawsuit" to include ANICO's claims. The argument, and the case law ANICO cites in support, is unpersuasive.

■ Where a party prevails in litigation against multiple parties, "the presumptive rule is joint and several liability unless it is clear that one or more of the parties is responsible for a disproportionate share of the costs." *Anderson v. Griffin,* 397 F.3d 515, 522–23 (7th Cir.2005). So while ANICO and NAIU were both plaintiffs, they were jointly responsible for the costs. Therefore, Citibank may recover the entirety of those costs from ANICO, even though it has released NAIU through the settlement agreement. Moreover, after NAIU settled with Citibank, the entirety of any subsequent costs is taxable to ANICO. However, absent a finding that ANICO litigated in bad faith, the court declines to allow Citibank to recover costs incurred before ANICO joined the case on October 10, 2003. *See, e.g., Anderson,* 397 F.3d at 522 (providing for separation of costs clearly attributable to different parties); *Charles v. Daley,* Nos. 79 C 4541, 79 C 4548, 1985 WL 678, at **1–2 (N.D.Ill. Apr. 22, 1985) (apportioning costs between defendants and intervenors); *Whitener v. Turnbeau,* 602 S.W.2d 890, 894 (Mo.Ct. App.1980) (determining whether costs were taxable to a good-faith intervenor under Missouri law), *rev'd on other*

*grounds, Marre v. Reed,* 775 S.W.2d 951, 954 (Mo.1989),

■ Citibank and NAIU were the original parties to the lawsuit; therefore, costs incurred before October 10, 2003 are to be born by the original parties according to this court's dismissal order of March 17, 2006. *See* doc. no. 146 (dismissing with prejudice the claims and counterclaims of NAIU and Citibank with "each party to bear its own costs"). Before ANICO intervened it could have had no notice that it would be liable for any costs in a lawsuit which it was not prosecuting and to which it was not a party. *See White v. Sundstrand,* 256 F.3d 580, 585–86 (7th Cir.2001) (members of a class, who were not class representatives, were not jointly liable for costs as they were not responsible for prosecuting the case). The costs in Citibank's bill, which were incurred before October 10, 2003, are $2,759.11 for subpoena service fees, $1,979.33 in copies and originals of deposition transcripts, $80.00 in witness fees, and $23,798.05 in copying charges, totaling $28,616.49. This amount must be deducted from the total costs sought by Citibank.

## II. Remaining Costs

■ For the costs that remain, the court reviews Citibank's bill against ANICO's objections under the presumption that "costs—other than attorney's fees—should be allowed to the prevailing party." Fed.R.Civ.P. 54(d)(1); *Extra Equipamentos E Exportacao Ltda. v. Case Corp.,* 541 F.3d 719, 727 (7th Cir.2008).

Following 28 U.S.C. § 1920(1), Citibank seeks $2,759.11 in subpoena service fees. The court allows Citibank to recover its costs in serving subpoenas only from October 10, 2003, the date when ANICO intervened in the case. There are no subpoenas that issued after October 10, 2003, so

there are no subpoena-related costs recoverable under 28 U.S.C. § 1920(1).

■ The costs of court reporters are recoverable, as 28 U.S.C. § 1920(2) allows the prevailing party to recover: "Fees of the court reporter for all or any part of the stenographic transcript."[2] Local Rule 54.1 limits these costs: "the costs of the transcript or deposition shall not exceed the regular copy rate as established by the Judicial Conference of the United States," which were $3.30 per page for an original transcript and $0.83 for a copy during this lawsuit. Citibank seeks $7,870.89 for stenographic transcripts. From the date of ANICO's motion to intervene in the case, Citibank is seeking $5891.56 in costs for court reporting; however, some charges exceed the limits set by the Judicial Conference. The costs are reduced as follows: Irv Drobny's deposition on August 18, 2006 from $835.44 to $650.10; Rick Protas's deposition on October 12, 2006 from $258.78 to $211.20; Mike Benoit's deposition on October 26, 2006 from $495.78 to $363.00. The costs of the remaining transcripts appear to the court to have been reasonably necessary to Citibank's defense of its case. Consequently, their cost along with the reduced costs listed above, which comes to a total of $4,746.08, is taxed to ANICO under 28 U.S.C. § 1920(2).

■ Citibank is also seeking reimbursement for the cost of several videotaped depositions in the amount of $5,277.99. The Seventh Circuit has recently decided that § 1920 allows taxing of tenographic and videotaped copies of the same deposition. *See Little v. Mitsubishi Motors N. Am., Inc.* 514 F.3d 699, 701 (7th Cir.2008).

ANICO appropriately objects that Citibank may not recover the delivery costs of the videotaped depositions, delivery being "an ordinary business expense." *See Antonson v. United Armored Servs., Inc.*, No. 00 C 4095, 2002 WL 908424, at *2 (N.D.Ill. May 6, 2002) (holding that postage and delivery costs are not taxable). Therefore, $83.75 is deducted from the cost of the videotaped depositions, which is the cost of their delivery, leaving $5,194.24 as the taxable cost of the videotaped depositions.

The witness appearance fees, totaling $80.00, which Citibank claims under 28 U.S.C. § 1920(3) and to which ANICO objects, predate ANICO's motion to intervene and have already been disallowed above.

Finally, Citibank is claiming $32,865.57 for copies under 28 U.S.C. § 1920(4). $23,798.05 of the total, being incurred before ANICO's intervention, has been discussed and set aside previously. Citibank has provided extensive materials describing the billing, payment, and nature of documents copied. ANICO objects that the charges are not sufficiently described; however, with the benefit of Citibank's index of charges and the supplemental invoices and checks, the expenses and the disbursements Citibank made for them are very well documented. Both sides engaged in extensive discovery and the volume of documents and the expense of copying them appear reasonable to the court. The court finds $9,067.52 in photocopying expenses are costs taxable to the plaintiff.

### III. Conclusion

Defendant, Citibank F.S.B., is awarded its costs as the prevailing party. The de-

---

**2.** On October 13, 2008, Congress amended § 1920. Subsection (2) now reads: "Fees for printed or electronically recorded transcripts necessarily obtained for use in the case" and subsection (4) now reads "[f]ees for exemplifi-

cation and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." These changes in language do not affect the analysis.

fendant's motion for a bill of costs is partially granted in the sum of $19,007.84.