Stewart GORDON, Plaintiff,

v.

CASTLE OLDSMOBILE AND HONDA,
INC., Clayton Sondag and Thomas
Sondag, Defendants.

No. 92 C 6092.

United States District Court,
N.D. Illinois,
Eastern Division.

Aug. 25, 1994.

Michael E. Braude, Louise S. Greenfield, Karen I. Ward, Michael R. Goldfein, Berlin & Braude, Skokie, IL, for plaintiff Stewart Gordon.

Robert J. Rubin, Charles Addison Valente, Altheimer & Gray, Chicago, IL, for defendants Castle Oldsmobile and Honda, Inc., Clayton Sondag, Thomas Sondag.

## MEMORANDUM OPINION
## AND ORDER

LEINENWEBER, District Judge.

### BACKGROUND

Plaintiff, Stewart Gordon, filed two motions for attorney's fees pursuant to Federal Rules of Civil Procedure ("Fed.R.Civ.P.") 37 before trial commenced. When those motions were filed, the court took them under advisement due to the fact that they might have ultimately been moot if plaintiff prevailed. Judgment was entered in the above entitled action on May 17, 1994 against plaintiff. The clerk was requested to tax a total of $15,147.67 as costs in defendants' Bill of Costs.

### I. Motions for Attorney's Fees

█ Plaintiff brought a motion to compel production of documents in response to his First Request for Production of Documents. The court granted that motion on December 18, 1992. On September 9, 1993, the court granted a similar motion to compel in response to plaintiff's Fifth Request for Production of Documents. Plaintiff made both motions pursuant to Fed.R.Civ.P. 37(a)(2).

Pursuant to Fed.R.Civ.P. 37(a)(4), the court finds that defendants, whose conduct necessitated the motion, owe plaintiff reasonable expenses incurred in obtaining the two Orders issued by the court, including attorney's fees.

Plaintiff requested an award for 41 hours of attorney's fees for the expenses incurred in obtaining the Orders. The court finds that plaintiff's request is unreasonable and has adjusted the expenses accordingly. For the first motion, the court awards plaintiff 4 hours of attorney's fees at plaintiff's attorney, Karen Ward's ("Ward"), 1992 hourly rate of $160.00 per hour. For the second motion, the court awards 4 hours of attorney's fees at Ward's 1993 hourly rate of $170.00 per hour. The total award for fees for 8 hours of work totals $1,320.00.

## II. Bill of Costs

Judgment was entered against plaintiff in this action on May 17, 1994. Defendants requested that plaintiff pay them $15,147.67 in its Bill of Costs. Under Fed.R.Civ.P. 54 the prevailing party in a suit may recover costs. The Fed.R.Civ.P. 54(d)(1) provides in pertinent part:

Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs.... [C]osts may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court.

The statutory basis for awarding costs is provided for in 28 U.S.C. § 1920, which states:

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshall;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, and expenses, and costs of special interpretation services under section 1828 of this title.

■ "The losing party must satisfy a heavy burden when asserting that he should be excused from paying costs and affirmatively establish that the costs either fall outside the parameters of section 1920, were not reasonably necessary to the litigation, or that the losing party is unable to pay. *See, e.g., Muslin v. Frelinghuysen Livestock Managers,* 777 F.2d 1230, 1236 (7th Cir.1985)." *Maj v. Nat'l Security Network, Inc.,* 1990 WL 114739, 1990 U.S.Dist. LEXIS 9455 (N.D.Ill.1990). The court addresses plain-

tiff's objections to defendants' Bill of Costs as follows.

### A. Bases for Denial of Costs

### 1. Financial Ability of Plaintiff to Pay Costs

■ A party seeking to avoid costs because of his supposed indigence must prove that indigence. *McGill v. Faulkner,* 18 F.3d 456, 459 (7th Cir.1994). Furthermore, unsuccessful indigent litigants are not automatically shielded from the imposition of costs against them. *Weaver v. Toombs,* 948 F.2d 1004 (6th Cir.1991). Plaintiff has failed to produce any evidence which would establish that he is incapable of paying court-imposed costs at this time or in the future. Therefore, plaintiff's alleged indigence is not an appropriate basis for denying costs due to defendants.

### 2. Unreasonable Delay

■ Generally, misconduct by the prevailing party worthy of a penalty (*i.e.,* calling unnecessary witnesses, raising unnecessary issues, or otherwise unnecessarily prolonging the proceedings) will suffice to justify the denial of costs. *See, e.g., Muslin v. Frelinghuysen Livestock Managers,* 777 F.2d 1230, 1236 (7th Cir.1985). However, the record in this case does not indicate evidence of any such misconduct by defendants. Plaintiff cites defendants' changes of counsel and granted requests for continuances as evidence of misconduct. On the basis of these actions alone, the court is not persuaded that it should deny costs due to misconduct.

### 3. Plaintiff's Good Faith

■ Unless and until the losing party affirmatively shows that the prevailing party is not entitled to costs, the district court must award them "as of course." *Congregation of the Passion v. Touche, Ross & Co.,* 854 F.2d 219, 222 (7th Cir.1988) "The court's discretion [to deny such an award] is limited by the presumption that exists in favor of awarding costs. Indeed, under Seventh Circuit precedent, the losing party cannot rebut this presumption merely by showing his good faith conduct in the litigation." *Popeil Bros.,*

*Inc. v. Shick Electric, Inc.,* 516 F.2d 772, 775–76 (7th Cir.1975). In light of the Seventh Circuit's holding in *Popeil Bros.,* the court finds that plaintiff's argument that he acted in good faith *vis-a-vis* the litigation in this case is not sufficient to overcome the presumption in favor of awarding costs to defendants.

Plaintiff has not demonstrated that defendants are not entitled to costs. Therefore, the next issue before the court now concerns plaintiff's objections to specific items in defendants' Bill of Costs.

## B. Specific Items in the Bill of Costs

### 1. Computerized Legal Research

█ Defendants seek $1925.00 in costs associated with computer-assisted legal research. Such costs are not on the list of taxable costs in section 1920; they are similar to attorney's fees or overhead. The court rules that as prevailing defendants in an Age Discrimination in Employment Act case, defendants are not entitled to such costs. *See, e.g., Wolfe v. Wolfe,* 570 F.Supp. 826, 828 (D.S.C.1983).

### 2. Copying Charges

█ The prevailing party may recover the cost of copies necessary for use in the case. *McIlveen v. Stone Container Corp.,* 910 F.2d 1581, 1584 (7th Cir.1990). Moreover, the prevailing party need not describe the use of each copy so specifically that it becomes impossible economically to recover copy costs. *Northbrook Excess & Surplus Ins. Co. v. Proctor & Gamble Co.,* 924 F.2d 633 (7th Cir.1991). The court rules that the award of costs for copies is appropriate. However, the Appendix to defendants' Bill of Costs states: "2,391 internal copies at 20 cents each [ = ] $1,190.20." Appendix to Bill of Costs at 2. This arithmetic works out not to 20 cents per page but to almost 50 cents per page. The court rules that the costs awarded for internal copies will be 10 cents per page. Defendants are, therefore, awarded $239.10 for the 2,391 internal copies they have referred to in their Bill of Costs. When this figure is added to the external copying charges requested and hereby granted (amounting to $1,124.55), the total award for copying charges becomes $1,363.65.

### 3. Witness Fees

█ Witness fees connected with depositions or trial attendance are taxed as costs within the framework established by 28 U.S.C. § 1821. *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987). The witnesses need not be physically present or testify at trial for their attendance fees to be taxed; however, the prevailing party must show that the testimony was relevant, material, and reasonably necessary to the case. *Spanish Action Cmte. of Chicago v. City of Chicago,* 811 F.2d 1129 (7th Cir.1987). As the court in *Quy v. Air America, Inc.,* 667 F.2d 1059, 1064 (D.C.Cir.1981), stated, "28 U.S.C. § 1821, when read in conjunction with Fed.R.Civ.P. 54(d), leaves it to the sound discretion of the district court to determine when costs should be awarded for witnesses who are not used at trial."

The court finds that defendants have failed to show that the testimony of the Custodian of Records at the Hawthorne Woods Police Department was relevant, material, and reasonably necessary to the case. Therefore, witness fees will not be granted for that witness. In addition, defendants accidentally claimed two witness fees for Florence Michaels ("Michaels"), once for $47.50 and another for $56.00. Defendants state in their reply brief that they meant to request a total of $56.00 for Michaels' witness fee, and that is what the court will grant. Finally, in their reply brief, defendants state that they forgot to seek an appearance fee of $40.00 for Ronald Landsman's ("Landsman") one day at trial. Since plaintiff has had no opportunity to dispute the validity of that claim because it was not raised in defendants' Bill of Costs, the court rules that defendants are not entitled to the $40.00 they seek for the appearance at trial of Landsman. The court grants all of the other witness fees requested and, therefore, grants defendants a total of $681.00 for witness fees.

### 4. Expert Witness Fees

█ The expert witness fees sought were incurred in the process of responding to dis-

covery and pursuant to Ward's alleged in-court agreement to pay for such costs. Plaintiff denies that such an agreement was ever made.

■ Expert witness fees are not on the list of recoverable costs under 28 U.S.C. § 1920. However, expert witness fees are recoverable pursuant to Fed.R.Civ.P. 26(b)(4)(C)(i) as reasonable fees for the expert's time spent responding to discovery requests.

The general rule is that it is improper for a court to assess compensation paid to expert witnesses in excess of statutory allowances under 28 U.S.C. § 1821. *Miller v. City of Mission, Kansas,* 516 F.Supp. 1333 (D.C.Kan.1981). Yet under exceptional circumstances, the district court has the discretion to award expert witness fees beyond those allowed under 28 U.S.C. § 1821. *U.S. v. City of Twin Falls, Idaho,* 806 F.2d 862 (9th Cir.1986), *cert. denied,* 482 U.S. 914, 107 S.Ct. 3185, 96 L.Ed.2d 674 (1987). The court finds that, irrespective of whether plaintiff's attorney agreed to compensate defendants for their expert's additional time spent in court, no exceptional circumstances surround that expert witness's testimony. Therefore, the court rules that defendants are not entitled to the $300.00 they seek for Landsman's court appearance. Defendants are instead entitled to the statutory fee recoverable for a normal witness appearance, which is $40.00. 28 U.S.C. § 1821(b).

The court assumes that the 7.5 hours of Landsman's time for which defendants seek $1,125.00 was spent taking his deposition. If this is the case, the court rules that pursuant to former Fed.R.Civ.P. 26(b)(4)(C)(i), defendants are entitled to the $1,125.00 in expert witness fees they seek for Landsman's 7.5 hours on December 10, 1993.

Thus, defendants are granted a total of $1,165.00 in expert witness fees if the fees associated with Landsman's 7.5 hours on December 10, 1993 were incurred through the taking of his deposition. Defendants' award is limited to the $40.00 witness fee if the fees associated with Landsman's 7.5 hours on December 10, 1993 were not incurred through the taking of his deposition.

5. Fees for Service of Summons and Subpoenas

The court finds that all of the service of summons fees and subpoena fees requested by defendants are appropriate and, therefore, awards defendants the $583.25 that they have requested for these fees.

6. Court Reporting Fees

■ Charges for stenographic transcripts of videotaped depositions are not recoverable. *Commercial Credit Equipment Corp. v. Stamps,* 920 F.2d 1361, 1367–68 (7th Cir. 1990). Therefore, the fee of $385.00 requested for the transcript of Roy Sutton's videotaped deposition will not be allowed. Defendants are granted the remainder of their request in this category, which amounts to $7734.67.

7. Fees of the Clerk

The $15.00 requested for fees paid to the Clerk of the United States District Court is granted.

CONCLUSION

For the reasons stated herein, the court rules that defendants are entitled to a total of $11,439.57 in costs if the fees associated with Landsman's 7.5 hours on December 10, 1993 were incurred through the taking of his deposition. Defendants are entitled to only $10,314.57 in costs if the fees associated with Landsman's 7.5 hours on December 10, 1993 were not incurred through the taking of his deposition. Plaintiff is entitled to a total of $1,320.00 in attorney's fees.

IT IS SO ORDERED.