In re John Richard BAKER, f/d/b/a Baker Holdings, Ltd., d/b/a Omnicon Display, Phoenix Display, Inc., and Grace Elaine Baker, a/k/a Grace Nelson, f/d/b/a Baker Holdings, Ltd., d/b/a Omnicon Display, Phoenix Display Inc., Joint Debtors.

Susan NETHERTON, David Netherton, and Omnicon, Ltd., an Illinois corporation, Plaintiffs,

v.

John Richard BAKER and Grace Elaine Baker, Joint Debtors, Defendants.

Bankruptcy No. 96 B 07552.
Adversary No. 96 A 00981.

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

March 27, 1997.

**512**

Bruce de'Medici, Law Office of Bruce de'Medici, Chicago, IL, for Plaintiffs.

Robert A. Filpi, Stack & Filpi Chartered, Chicago, IL, for Defendants.

## MEMORANDUM OPINION

JOHN H. SQUIRES, Bankruptcy Judge.

This matter comes before the Court on the motion of John Richard Baker (the "Debtor") pursuant to Federal Rule of Civil Procedure 59 and Federal Rule of Bankruptcy Procedure 9023 to vacate the judgment entered on Count II of the complaint in a Memorandum Opinion and Order entered by the Court on February 6, 1997 or, in the alternative, to grant a new trial on Count II of the complaint. In addition, the Plaintiffs, Susan and David Netherton (the "Nethertons"), filed a bill of costs pursuant to 28 U.S.C. § 1920. For the reasons set forth herein, the Court hereby denies the Debtor's motion. The Nethertons are awarded taxable costs in the sum of $825.00 which are assessed against the Debtor.

## I. JURISDICTION AND PROCEDURE

The Court has jurisdiction to entertain this matter pursuant to 28 U.S.C. § 1334 and General Rule 2.33(A) of the United States District Court for the Northern District of Illinois. It constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (J).

## II. FACTS AND BACKGROUND

On February 6, 1997, the Court entered a Memorandum Opinion and Order which granted judgment on behalf of the Debtor on Count III of the complaint and granted judgment against the Debtor on Count II thereby denying his discharge pursuant to 11 U.S.C. § 727(a)(4)(A). Specifically, the Court held

that the Debtor had failed to disclose assets—approximately 100–150 fish tanks—in his schedules and at the 11 U.S.C. § 341 creditors' meeting. The Court held that the Debtor's failure to disclose these fish tanks on the schedules and his concealment of these assets at the creditors' meeting constituted a material omission, and thus was sufficient grounds for denial of his discharge under § 727(a)(4)(A).

In addition, pursuant to the Memorandum Opinion and Order, the Court awarded the Nethertons taxable costs allowable under 28 U.S.C. § 1920 upon filing a bill therefor. Pursuant to Local Bankruptcy Rule 417(A), within thirty days of the entry of the judgment allowing costs, the Nethertons filed their bill of costs. The Nethertons seek $2,062.66 in costs. The Court will address the Debtor's motion and the Nethertons' bill of costs in turn.

## III. DISCUSSION

### A. The Debtor's motion to vacate the judgment or alternatively to grant a new trial

The Debtor seeks to vacate the Memorandum Opinion and Order under Federal Rule of Bankruptcy Procedure 9023, which incorporates by reference Federal Rule of Civil Procedure 59. The Seventh Circuit has made it clear that under the former version of Rule 59, the time of a motion's service controlled whether it was treated as a Rule 59(e) motion. See Helm v. Resolution Trust Corp., 43 F.3d 1163, 1166 (7th Cir.1995). If such a motion was served within ten days of a final judgment, it was considered a Rule 59(e) motion. United States v. Deutsch, 981 F.2d 299, 301 (7th Cir.1992); Charles v. Daley, 799 F.2d 343, 347 (7th Cir.1986). Effective December 1, 1995, Rule 59(e) was amended to require that "[a]ny motion to alter or amend a judgment shall be *filed* no later than 10 days after entry of the judgment." Fed.R.Civ.P. 59(e) (emphasis supplied). The Debtor's motion was filed on February 18, 1997, which is within ten days of the entry of the Memorandum Opinion and Order on the docket. The tenth day after entry of the judgment fell on Sunday, Febru-

ary 16, 1997. The following day, February 17, 1997 was a legal holiday. Thus, February 18, 1997 constituted the tenth day after the entry of the Memorandum Opinion and Order. *See* Fed.R.Bankr.P. 9006(a).

▬ Rule 59(e) motions serve a narrow purpose and must clearly establish either a manifest error of law or fact or must present newly discovered evidence. *Federal Deposit Ins. Corp. v. Meyer,* 781 F.2d 1260, 1268 (7th Cir.1986); *Publishers Resource, Inc. v. Walker–Davis Publications, Inc.,* 762 F.2d 557, 561 (7th Cir.1985). The function of a motion to alter or amend a judgment is not to serve as a vehicle to relitigate old matters or present the case under a new legal theory. *King v. Cooke,* 26 F.3d 720, 726 (7th Cir. 1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 1373, 131 L.Ed.2d 228 (1995). Moreover, the purpose of such a motion "is not to give the moving party another 'bite of the apple' by permitting the arguing of issues and procedures that could and should have been raised prior to judgment." *Yorke v. Citibank, N.A. (In re BNT Terminals, Inc.),* 125 B.R. 963, 977 (Bankr.N.D.Ill.1990) (citations omitted). The rulings of a bankruptcy court "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *See Quaker Alloy Casting Co. v. Gulfco Indus., Inc.,* 123 F.R.D. 282, 288 (N.D.Ill.1988). "A motion brought under Rule 59(e) is not a procedural folly to be filed by a losing party who simply disagrees with the decision; otherwise, the Court would be inundated with motions from dissatisfied litigants." *BNT Terminals,* 125 B.R. at 977. The decision to grant or deny a Rule 59(e) motion is within the Court's discretion. *See LB Credit Corp. v. Resolution Trust Corp.,* 49 F.3d 1263, 1267 (7th Cir.1995).

▬ First, the Debtor argues that the Court erred by adding a new theory to the Nethertons' case when it denied the Debtor's discharge under Count II of the complaint because the basis for the judgment differs from the theory advanced by the Nethertons under that count. Specifically, the Debtor contends that the issue of whether the fish tanks should have been listed on the schedules as either household goods or hobby equipment was not raised in the complaint

and was outside the Nethertons' case as they characterized it in the complaint and pretrial submissions.

The Court finds this argument disingenuous and frivolous. Count II of the complaint alleged that the Debtor was operating a tropical fish business from his residence either alone or in partnership with Michael Rocowski. *See* Complaint at ¶ 26. Further, the complaint alleged that the Debtor owned approximately 150 fish tanks and that the Debtor knowingly and fraudulently failed to disclose these tanks on the schedules or at the creditors' meeting. *Id.* at ¶ s 28, 31, and 32. These paragraphs do not reference any business operations of the Debtor, but rather, refer to the ownership of assets (which may or may not have related to the tropical fish business) that the Debtor failed to list on the schedules and disclose at the creditors' meeting. Based upon the evidence adduced at trial, the Court found that the Debtor was not operating a tropical fish business from his basement. The Debtor testified, however, that he maintained approximately 100 fish tanks in his residence as a hobby. The Debtor's wife corroborated this testimony. Both the Debtor and his wife admitted that these assets were not disclosed on the filed schedules nor did the Debtor disclose these assets when queried at the creditors' meeting. Based upon this testimony, the Court held that the Debtor's discharge should be denied under § 727(a)(4)(A) because he knowingly and fraudulently made a false oath.

The Debtor argues that because the Court found that the Debtor was not operating a tropical fish business out of his residence, the Court erred in finding that he failed to disclose the assets. The Debtor argues that the Court sua sponte altered Count II to include a claim that the Debtor knowingly and fraudulently failed to list the fish tanks as hobby equipment. A fair reading of Count II demonstrates that it includes allegations that the Debtor failed to disclose the fish tanks on the schedules and at the creditors' meeting. Even though the tanks were the Debtor's personal property as opposed to business property, it does not vitiate the fact that the Debtor failed to disclose these assets. In all

the pleadings, the Debtor denied owning the fish tanks. *See* Memorandum Opinion at p. 8. At trial, however, for the first time, the Debtor admitted he owned the tanks. The Debtor testified that these assets were his hobby equipment, and he called himself a fish hobbyist several times during the course of his testimony. Accordingly, these assets should have been disclosed on the schedules and at the creditors' meeting. The Court did not advance a new theory. Rather, the Court merely held that even though the Debtor did not have an interest in a tropical fish business, he belatedly admitted he owned approximately 100 fish tanks that should have been disclosed as assets on the schedules and at the creditors' meeting.

Moreover, that the phrase "hobby equipment" does not appear in either the complaint or the Nethertons' pretrial submissions is not of significant consequence as the Debtor argues. The Debtor testified that he was a tropical fish hobbyist who owned 100 fish tanks. The Debtor admittedly failed to schedule any fish tanks. When questioned why he failed to disclose the assets, the Debtor was unable to offer a credible or satisfactory explanation.

■ Alternatively, the Debtor requests that the Court vacate the judgment on Count II and grant him a new trial so that he can introduce evidence on the issue that formed the basis of the Court's decision under that count, namely why the fish tanks were not listed as hobby equipment or personal property. In support thereof, the Debtor has submitted the affidavit of Scott Arient, a pet store owner, as to the negligible value of the fish tanks and his own affidavit regarding the events leading to the preparation of the schedules.

■ As previously stated, the Court did not sustain the objection to discharge on a new theory under Count II. The Debtor is not entitled to another bite at the apple. Hence, the Court will not vacate the judgment and grant the Debtor a new trial or consider such evidence that could have been offered at trial. The Debtor's argument that the tanks have little value lacks merit. As the Court previously stated, a Chapter 7 debtor has a duty to disclose *all* assets re-

gardless of their value. *See* Memorandum Opinion at pp. 12–13. The value of the assets is a factor in determining materiality, but is not outcome determinative. *Id.* The Debtor's argument that had he known that the hobby equipment theory was before the Court, he would have introduced evidence about the value of the tanks, ignores evidence already in the record. In fact, both the Debtor and his wife testified as to the value of the tanks, and the Court considered that testimony in its decision. *See* Memorandum Opinion at p. 3. The Debtor had an opportunity to present further evidence of the value of those assets at trial, but failed to do so.

■ Furthermore, the affidavits submitted do not constitute newly discovered evidence. "[A] Rule 59(e) motion cannot be used to present evidence that *could and should* have been presented prior to the entry of final judgment." *In re Prince,* 85 F.3d 314, 324 (7th Cir.1996) (emphasis in original) (citation omitted), *cert. denied,* —— U.S. ——, 117 S.Ct. 608, 136 L.Ed.2d 534 (1996). Where a party is made aware that a particular issue will be relevant to its case but fails to produce readily available evidence pertaining to that issue, the party may not introduce the evidence to support a Rule 59(e) motion. *Green v. Whiteco Indus., Inc.,* 17 F.3d 199, 202 n. 5 (7th Cir.1994). The Debtor had the opportunity at the trial to explain why he failed to disclose the tanks either on the schedules or at the creditors' meeting. The Debtor failed to offer any credible explanation. The Debtor's wife unconvincingly testified that the tanks were intended to be included on the schedules under the misleading and generic description of household goods. The Debtor has failed to establish that the Court made a manifest error of law or fact and has not proffered newly discovered evidence. Consequently, the Court hereby denies the request to vacate the judgment and grant a new trial under Count II of the complaint.

Additionally, the Court rejects the Debtor's argument that sustaining, in part, the objection to discharge on Count II of the complaint was inconsistent with ruling in fa-

vor of the Debtor on Count III. The Debtor's concealment of his ownership of the fish tanks from the creditors, the case Trustee, and the Court in his filed schedules and testimony was the ultimate basis for sustaining the relief sought in Count II. The additional allegation in Count II that the Debtor owned a related tropical fish business was not proven by a preponderance of the evidence. Moreover, there was no evidence that the Debtor or his wife ever concealed, transferred, removed, destroyed, or mutilated any of their property within the year preceding the filing of the bankruptcy petition which was the gravamen of Count III. The Nethertons' failure to prove this mandated judgment in favor of the Debtor and his wife on that count. The Court's decision was fully supported by and consistent with the evidence adduced at trial.

## B. *The Nethertons' bill of costs*

■ The Court may award a prevailing party taxable costs pursuant to 28 U.S.C. § 1920 which provides:

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

28 U.S.C. § 1920. The Court has broad discretion to determine whether and to what extent to award costs to prevailing parties. *See Barber v. Ruth,* 7 F.3d 636, 644 (7th Cir.1993). Allowable costs, however, are limited to the categories in § 1920 and expenses that are not authorized by statute must be borne by the party incurring them. *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 441–45, 107 S.Ct. 2494, 2497–99, 96 L.Ed.2d 385 (1987). The losing party must satisfy a heavy burden when asserting that he should be excused from paying costs and affirmatively establish that the costs either fall outside the parameters of § 1920, were not reasonably necessary to the litigator, or that the losing party is unable to pay. *See Muslin v. Frelinghuysen Livestock Managers, Inc.,* 777 F.2d 1230, 1236 (7th Cir.1985).

■ After closely reviewing the Nethertons' bill of costs which totals $2,062.66, the Court finds that the following expenses are allowed under § 1920 and thus taxable against the Debtor: $120.00 for a transcript fee allowable under § 1920(2); $585.00 for subpoenaed witness fees per § 1920(3) and *Haroco, Inc. v. American Nat. Bank & Trust Co. of Chicago,* 38 F.3d 1429, 1442 (7th Cir. 1994) (costs awarded for witnesses who were subpoenaed and given notices of depositions but whose depositions were never taken); and $120.00 for the filing fee and court costs allowable per § 1920(1) and *Gordon v. Castle Oldsmobile and Honda, Inc.,* 157 F.R.D. 438, 442 (N.D.Ill.1994). Thus, the Court hereby finds that the Nethertons' allowable costs taxable against the Debtor total $825.00.

The Court finds that § 1920 does not authorize the award of the remainder of the costs. First, $700.00 for "Fish Store Investigation," $68.80 for trips to court, and $103.20 for trips to the attorney are not properly taxable costs under the statute. *See, e.g., Wahl v. Carrier Mfg. Co., Inc.,* 511 F.2d 209, 217 (7th Cir.1975) (attorneys' travel expenses incurred in attending depositions, pretrial conferences, and trials, as well as expenses incurred in making investigations are not recoverable costs); *Hodge v. Seiler,* 558 F.2d 284, 287 (5th Cir.1977) (civil rights plaintiff not entitled to expenses incurred in traveling to the trial); *Roche v. City of Normandy,* 566 F.Supp. 37, 42 (E.D.Mo.1983) (local travel expenses are not recoverable).

Next, the Court finds that the long distance telephone and toll charges in the sum of $100.00 are not recoverable costs under

**516**

§ 1920. *See Wahl*, 511 F.2d at 217; *Wolf v. Planned Property Management*, 735 F.Supp. 882, 883–84 (N.D.Ill.1990); *Ezelle v. Bauer Corp.*, 154 F.R.D. 149, 155 (S.D.Miss.1994).

 Further, the Court finds that the $200.00 expense for a process server is not a properly taxable cost because the Court lacks sufficient information to make the determination of whether the amount sought exceeds what the marshal would have charged for this task. *See Collins v. Gorman*, 96 F.3d 1057, 1059–60 (7th Cir.1996) (prevailing party may recover service costs that do not exceed the marshal's fee no matter who actually effectuated the service).

Additionally, the Court finds that the postage charges in the amount of $27.36 are not recoverable costs. *See Wahl*, 511 F.2d at 217; *Wolfe v. Wolfe*, 570 F.Supp. 826, 828 (D.S.C.1983); *Moss v. ITT Continental Baking Co.*, 83 F.R.D. 624, 627 (E.D.Va.1979) (citing *Wahl*); *Department of Highways v. McWilliams Dredging Co.*, 10 F.R.D. 107, 108 (W.D.La.1950), *aff'd*, 187 F.2d 61 (5th Cir.1951).

Lastly, the Court turns to the photocopying costs in the sum of $38.00. Under § 1920(4) taxable costs include "copies of papers necessarily obtained for use in the case." 28 U.S.C. § 1920(4); *see also Wahl*, 511 F.2d at 216–17. "The phrase 'for use in the case' refers to materials actually prepared for use in presenting evidence to the court. . . ." *McIlveen v. Stone Container Corp.*, 910 F.2d 1581, 1584 (7th Cir.1990) (quoting *EEOC v. Kenosha Unified School Dist. No. 1*, 620 F.2d 1220, 1227–28 (7th Cir.1980)). Money expended to photocopy court filings is not recoverable. *McIlveen*, 910 F.2d at 1584. Further, extra copies of pleadings or copies merely for the convenience of attorneys do not constitute taxable costs. *See EEOC v. Sears, Roebuck & Co.*, 114 F.R.D. 615, 625 (N.D.Ill.1987); *Independence Tube Corp. v. Copperweld Corp.*, 543 F.Supp. 706, 722 (N.D.Ill.1982).

The Nethertons' bill for costs reflects that 152 unidentified pages were photocopied five times for "various interested parties." The prevailing party need not describe the use of each copy so specifically that it becomes impossible economically to recover copy costs. *See Northbrook Excess & Surplus Ins. Co. v.*

*Procter & Gamble Co.*, 924 F.2d 633, 643 (7th Cir.1991). The instant bill for costs, however, does not describe in any detail the necessity for the photocopies. Hence, the Court has insufficient information to ascertain whether providing photocopies of unidentified materials to unidentified parties constitutes materials prepared for use in presenting evidence to the court so as to fall within the requirement of "for use in the case" as mandated by § 1920(4). Thus, the Court will not tax the photocopying costs against the Debtor.

In conclusion, the Court hereby allows taxable costs against the Debtor and in favor of the Nethertons in the sum of $825.00.

## IV. CONCLUSION

For the foregoing reasons, the Court hereby denies the Debtor's motion. The Nethertons are awarded taxable costs in the amount of $825.00 pursuant to 28 U.S.C. § 1920, which are assessed against the Debtor.

This Opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate order shall be entered pursuant to Federal Rule of Bankruptcy Procedure 9021.