**Stanley W. NOCHOWITZ, Plaintiff,**

v.

**ERNST & YOUNG, Defendant.**

**No. 92 C 5468.**

United States District Court,
N.D. Illinois,
Eastern Division.

Aug. 3, 1994.

Steven R. Smith, David L. Hartsell, McCullough, Campbell & Lane, Chicago, IL, for plaintiff.

William E. Blais, Michael T. Hannafan & Assoc., Ltd., Chicago, IL, for defendant.

### MEMORANDUM OPINION AND ORDER

SHADUR, Senior District Judge.

As prevailing party in this age discrimination action, Ernst & Young has filed a

---

bill of costs seeking to tax unsuccessful plaintiff Stanley Nochowitz ("Nochowitz") with an amount in excess of $19,000. This Court immediately issued a brief sua sponte memorandum order (the "Opinion"), 1994 WL 384014 in which it drew the attention of Ernst & Young's counsel to the United States Supreme Court's decision in *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987), which had flatly rejected the taxation as costs of expert witness fees—an item that was the claimed basis for more than one-half of the amount sought by Ernst & Young (the sum of $10,810 that it paid to Price Waterhouse[1]). Opinion at 2 made clear that this Court was expressing no view as to the allowability or nonallowability of any other aspects of the bill of costs.

Ernst & Young's counsel has responded in what can only be characterized as a misleading fashion, citing to *SapaNajin v. Gunter,* 857 F.2d 463, 465 (8th Cir.1988) and *United States v. City and County of San Francisco,* 748 F.Supp. 1416, 1439–40 (N.D.Cal.1990) for the claimed proposition that *Crawford Fitting* applies only to the fees paid to testifying experts (and not to expert consultants). But those and like cases really deal with a wholly different question: whether the Supreme Court's ruling as to the nontaxability of expert witness fees as Fed.R.Civ.P. 54(d) "costs" under 28 U.S.C. § 1920 and 1821 also precludes the recovery of such items as out-of-pocket *expenses* by a prevailing plaintiff under the more expansive provisions of 42 U.S.C. § 1988 (which has consistently been construed to cover nonstatutory "costs" as part of its provision for an award of attorneys' fees).

Indeed, Ernst & Young's argument is even more problematic than that, for in an ADEA action such as this one the statutory provision for the award of attorneys' *fees* (incorporated by reference from the Fair Labor Standards Act) extends only to prevailing *plaintiffs*. As a prevailing defendant Ernst

& Young can invoke neither that statute nor any inference drawn from its provisions.

■ Nor is that the only objectionable aspect of the Ernst & Young request for an award of "costs." Its counsel has also asked to recover $2,214.60 expended for computerized legal research, again misleadingly citing cases decided under statutes that provide for awards of attorneys' fees. Because no such *fees* are awardable here, any claim for such analogous items (see, e.g., *McIlveen v. Stone Container Corp.,* 910 F.2d 1581, 1585 (7th Cir.1990) (per curiam), citing this Court's opinion in *Levka v. City of Chicago,* 107 F.R.D. 230, 231 (N.D.Ill.1985)) fails a fortiori.

Disallowance of those two items alone accounts for fully two-thirds of the Ernst & Young request—over $13,000 out of some $19,000. But Nochowitz' counsel has also accurately identified substantial bases for reduction of each of the other components of the bill of costs:

1. Instead of 15,265 pages at $.20 per page for exemplification and copies, the number of properly chargeable pages has been shown by Nochowitz to aggregate just 6,995. Moreover, the per-page rate for the award of costs should be no more than $.10 (actually a liberal figure in market terms) rather than the in-house charges by Ernst & Young or its counsel at twice that rate.

2. As for the sum of $3,081.15 claimed for deposition and court transcripts, Nochowitz has shown that the amount should properly be reduced to $2,628.

■ Thus Ernst & Young's bill of costs has shrunk dramatically from the claimed $19,158.75 to $3,327.50. And as already reflected, the bulk of that reduction relates to items on which Ernst & Young's legal positions were not even colorable. It is frankly disquieting to find any prevailing party engaging in such overreaching. It would be even more disquieting to think of such overreaching efforts as riskless—as entitling the prevailing party to recover the proper

---

**1.** As Opinion at 1 n. 1 said:

In light of the fact that both Ernst & Young and Price Waterhouse are numbered among the world's giants in the accounting profession

and related fields, the claimed necessity of such a retainer would appear to prompt an updating of what was once a classic inquiry: "Does Macy's tell Gimbels?"

amount in all events, so that it is free to attempt to get away with as much in excessive charges as may escape the attention of its opponent or the court.

This Court recognizes that the denial or partial denial of costs to a prevailing party may be viewed as "in the nature of a penalty for some defection on [its] part in the course of the litigation" (*Chicago Sugar Co. v. American Sugar Refining Co.*, 176 F.2d 1, 11 (7th Cir.1949)). This case calls for such a response, in order that a litigant such as Ernst & Young does not feel free to engage in attempts to overreach on the premise that it has nothing to lose. Accordingly this Court not only determines that the properly taxable costs amount to $3,327.50 but also disallows 50% of that amount as a disincentive to the conduct revealed here (see, e.g., the discussion in Laura Bartell, *Taxation of Costs and Award of Expenses in Federal Court,* 101 F.R.D. 553, 562–63 (1984) and cases cited there; 10 Charles Wright, Arthur Miller & Mary Kay Kane, *Federal Practice and Procedure: Civil 2d* §§ 2667, at 192 & n. 23, and 2668, at 204 & n. 17 (2d ed. 1983), and cases cited in each instance). Accordingly Nochowitz is ordered to pay the sum of $1,663.75 to Ernst & Young as an award of taxable costs under Rule 54(d).