**Alice JANSEN, Plaintiff,**

v.

**PACKAGING CORPORATION OF AMERICA, Defendant.**

No. 94 C 478.

United States District Court, N.D. Illinois, Eastern Division.

Nov. 8, 1994.

Gregory X. Gorman, Gorman & Gorman, H. Candace Gorman, Law Office of H. Candace Gorman, Chicago, IL, for plaintiff.

Nell G. Wolf, Kari J. Sperstad, Ross & Hardies, P.C., James M. Gecker, Colette M. Foissotte, Katten, Muchin & Zavis, Chicago, IL, for defendant.

*MEMORANDUM OPINION AND ORDER*

SHADUR, Senior District Judge.

Packaging Corporation of America ("Packaging") seeks leave to obtain a psychological examination of Alice Jansen ("Jansen") in her

employment discrimination case against Packaging. That motion is tendered by Packaging as part of its discovery efforts—it relates to Jansen's claim for damages because she says that she has suffered and continues to suffer ongoing emotional distress due to alleged sexual harassment and retaliation by her former supervisor.[1]

█ What is at issue on Packaging's motion is whether it has shown "good cause" (the precondition established by Fed.R.Civ.P. ("Rule") 35(a)) for such a mental examination. As *Schlagenhauf v. Holder,* 379 U.S. 104, 118–19, 85 S.Ct. 234, 242–43, 13 L.Ed.2d 152 (1964) has taught fully three decades ago:

> Rule 35, therefore, requires discriminating application by the trial judge, who must decide, as an initial matter in every case, whether the party requesting a mental or physical examination or examinations has adequately demonstrated the existence of the Rule's requirements of "in controversy" and "good cause," which requirements, as the Court of Appeals in this case itself recognized, are necessarily related.

There is no question that by advancing such intangible harms as a component of her damages claim Jansen has not only placed her mental condition "in controversy" but has confirmed the existence of "good cause" for Packaging's motion—as *Schlagenhauf, id.* at 119, 85 S.Ct. at 243 (citation omitted) went on to say:

> Of course, there are situations where the pleadings alone are sufficient to meet these requirements. A plaintiff in a negligence action who asserts mental or physical injury places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury.

Indeed, in this instance the existence of the "good cause" component is doubly clear, for Jansen has not limited her claim by asserting that she suffered such harms only in the past—not only has she claimed continuing harm up to and including the present in her deposition (Dep. 456, 459–60, 461), but her attorney has confirmed that fact when questioned by this Court on the issue. That being so, any doubt that might exist as to an expert's ability to gauge a prior mental state by means of a current examination could not serve as the basis for denying Packaging access to such an examination.

On the merits of whether such an examination should be permitted, this Court finds the numerous cases cited by Packaging far more persuasive than the few advanced by Jansen (in that respect it is true that Jansen's citation of *Cody v. Marriott Corp.,* 103 F.R.D. 421 (D.Mass.1984) is directly on point, but this Court disagrees entirely with the analysis and conclusion reached by the Magistrate in *Cody* ). Indeed, the most recent of the few Court of Appeals decisions that have been cited by Jansen (*Acosta v. Tenneco Co.,* 913 F.2d 205, 209 (5th Cir.1990) [2]) squarely supports the granting rather than the denial of Packaging's motion.

What remains for consideration, then, is whether the person who will be permitted to conduct the examination should be designated by Packaging or should be someone appointed independently. In this instance Packaging's proposed designee is a psychologist, someone who certainly comes within the scope of the congressional amendment to Rule 35 enacted in 1988.[3] Nonetheless it must be recognized that mental examinations are particularly sensitive (usually more so than physical examinations), both because of the very different (and lesser) degree of objectivity that they are typically able to provide and because of the special dangers of intrusiveness that they present.

█ This Court finds substantial force in Jansen's arguments for the designation of an independent expert. Although Packaging essentially asserts that the honoring of its own

---

1. Indeed, Packaging urges that those asserted intangible harms form the basis for almost all of Jansen's requested damages, for "her wage loss is negligible" (Packaging Mem. 1 filed October 19, 1994).

2. By coincidence Packaging itself is a Tenneco subsidiary.

3. Nothing in the 1991 amendment to Rule 35 narrows that scope.

designation is needed to provide a level playing field (citing *Olcott v. LaFiandra*, 793 F.Supp. 487, 492 (D.Vt.1992)), that principle is really inapplicable here. As this Court understands the matter, Jansen's only professional witness in this area is expected to be her own treating physician rather than an expert in the field of mental health—and Packaging itself has urged that Jansen has been unwilling to discuss with her own doctor the subjects on which she is proposed to be interrogated by Packaging's expert (Packaging Mem. 8). That being the case, it is difficult to see how the treating physician will be in a position to testify on a fully informed basis as to the precise causation of the claimed emotional distress. And if by definition Jansen's own doctor cannot opine on the effect of such undiscussed subjects on Jansen's mental health, the level playing field contention disappears.

Indeed, it is somewhat ironic that Packaging asserts such vigorous (and justified) opposition to Jansen's effort to have her own attorney present at the examination (as well as her effort to impose a number of other restrictions) on the ground that those efforts would "inject a greater degree of the adversary process into an evaluation that is to be neutral" (Packaging Mem. 8) and also because any such restriction "will, in all likelihood, foster a greater degree of advocacy in the conduct of the examination than is, already, unavoidably present" (*id.* at 10). If the real purpose of Packaging's motion is the entirely legitimate one of seeking to obtain an independent and impartial insight into Jansen's claims of mental harm, that purpose would seem to be better served by assuring true independence on the part of the examiner, rather than by forcing Jansen into a battle of the experts that she has not sought to join (let alone to initiate).

Accordingly Packaging's motion to obtain a psychological examination of Jansen is granted. However, the parties are directed to confer promptly as to the identity of the proposed examiner, with a view towards submitting to this Court's chambers on or before November 21, 1994 either a joint designation or separate lists of their respective proposed designees. This Court will then make its determination in that respect.