Alice JANSEN, Plaintiff,

v.

**PACKAGING CORPORATION OF AMERICA, Defendant.**

No. 94 C 478.

United States District Court, N.D. Illinois, Eastern Division.

Sept. 26, 1995.

Gregory X. Gorman, Gorman & Gorman; H. Candace Gorman, Law Office of H. Candace Gorman, Chicago, IL, for Plaintiff.

Neil G. Wolf, Kari J. Sperstad, Ross & Hardies P.C.; James M. Gecker, Bonita L. Stone, Colette M. Foissotte, Katten, Muchin & Zavis, Chicago, IL, for Defendant.

## MEMORANDUM OPINION AND ORDER

SHADUR, Senior District Judge.

On August 23, 1995 this Court granted the Fed.R.Civ.P. ("Rule") 56 motion of Packaging Corporation of America ("Packaging") for summary judgment in this employment discrimination action brought against Packaging by Alice Jansen ("Jansen"). Packaging has since moved for the taxation of costs pursuant to Rule 54(b) and this District Court's General Rules ("GRs") 45 and 46,[1] Jansen's counsel has responded with a set of objections and Packaging's counsel has filed a reply memorandum. Accordingly the motion for taxation of costs is now ripe for decision.

### Taxability in General

Jansen initially asserts that she should not be liable for any costs because she "prosecuted this action in good faith and as expeditiously as possible." But it is well established in this Circuit that a prevailing party is presumptively entitled to an award of costs, that the loser's good faith alone does not overcome that presumption (see, e.g. *Coyne–Delany Co. v. Capital Development Bd.*, 717 F.2d 385, 390 (7th Cir.1983)) and that some additional showing such as the losing party's inability to bear such costs as a financial matter is needed (see, e.g., *Badillo v. Central Steel & Wire Co.*, 717 F.2d 1160, 1165 (7th Cir.1983)). There is also an exception to the award of costs where the prevailing party has engaged in "misconduct ... worthy of a penalty"—a type of exercise of the judicial supervisory function (see, e.g., *Congregation of the Passion v. Touche, Ross & Co.*, 854 F.2d 219, 222 (7th Cir.1988))—but the good faith prosecution of an action by the

---

1. GR 46, which deals with the potential award of attorneys' fees and nontaxable expenses, is really not implicated here.

losing party does not as such disentitle the winner to reimbursement for its taxable costs.

Jansen also suggests in her list of objections that the pendency of an appeal (on September 6 she filed a notice of appeal from the underlying adverse judgment) renders Packaging's current motion premature. There is no authority for such an assertion.

Accordingly this opinion will turn to the individual components of the award sought by Packaging. For convenience the several items will be dealt with in the same sequence as has been set out in Packaging's motion.

### Deposition Expenses

■ Packaging first seeks $3,710.55 in court reporting fees incurred in taking five depositions (about 60% of that amount relates to the deposition of Jansen herself). Jansen objects that the four depositions other than her own (involving three doctors and Jansen's ex-husband) were not "necessarily obtained for use in the case" (28 U.S.C. § 1920(2)[2] and GR 45(B)).

■ For that purpose the appropriate perspective looks to the prevailing party's reasonable evaluation of the now-disputed items at the time that the depositions were taken (*Hudson v. Nabisco Brands, Inc.*, 758 F.2d 1237, 1243 (7th Cir.1985)). Because Jansen had then placed her emotional health at issue by advancing a claim of intentional infliction of emotional distress and by asserting such intangible harms as an element of damages, those issues were certainly relevant (see this Court's earlier opinions, *Jansen v. Packaging Corp. of America*, 158 F.R.D. 409 (N.D.Ill.1994) and a January 6, 1995 slip opinion, as to one facet of the matter). Accordingly the depositions of the three doctors (including the psychiatrist deposed by Packaging as the potential source of an expert opinion) meet the "reasonably necessary" test. That cannot however be said as to the deposition of Jansen's ex-husband Peter Jansen, from whom she was divorced over ten years ago—Packaging's reply on that score is not persuasive. Thus

court reporting fees are awardable in the lesser sum of $3,551.29.

■ Packaging also asks for $2,333.55 "for obtaining copies of the transcripts" of an entire series of additional depositions. Although Jansen's objection to certain of those depositions themselves as "unnecessary and not material to the determination of this matter" is unpersuasive in light of the previously-announced standard, this Court perceives another problem (or at least a question) as to such items. Packaging's reference to "copies" of such transcripts is unclear. Taxable costs do extend to the original transcripts, but copies of those transcripts are typically made for the convenience of the parties and not as a necessity (see, e.g., *Studiengesellschaft Kohle mbH v. Eastman Kodak Co.*, 713 F.2d 128, 133–34 (5th Cir. 1983) and cases cited there). Hence this Court will not shift such copying expenses to Jansen as "costs" under Section 1920. Accordingly further input is required from Packaging before this component of its request can be ultimately ruled upon.

### Witness and Subpoena Fees

■ Packaging requests $828 in fees for the service of subpoenas (both subpoenas duces tecum and subpoenas for depositions) and $327.50 as witness fees for the depositions of Jansen's two attending physicians (in the latter respect, see Section 1920(3)). Jansen objects that the $420 that Packaging expended on subpoenas duces tecum really represented a needless outlay because the same request could have been made by certified mail rather than through the use of process servers.

Although Packaging is correct in referring to the personal-service provisions of Rule 45, it remains true that the ordinary practice where no opposition or resistance to a subpoena duces tecum is expected is to handle such matters on an informal basis until it becomes clear that the formality of personal service is required. From this Court's observations, this action has unfortunately been marked by bad blood (regrettably extending even to counsel for the litigants) from the

---

**2.** Further citations to Title 28 provisions will take the form "Section—."

outset. Whether or not that entered into the handling of this facet of the case, no good reason really appears for Packaging's pursuit of documents in the way that it did. Additionally, the ruling previously made in this opinion as to disallowing any award for the transcript of the deposition of Jansen's ex-husband also extends to Packaging's expenditure in serving him with a subpoena. Consequently the total award for the items in this category will be the reduced sum of $618.50.

### Travel Fees

■ Packaging asks to be awarded $138.80 for its counsel's airfare expense in traveling to Canton, Ohio for a witness' deposition. Though the item is small, it reflects a distressing lack of candor on Packaging's part in seeking to justify the taxability of that expenditure.

To that end Packaging seeks to call to its aid *McIlveen v. Stone Container Corp.*, 910 F.2d 1581, 1584 (7th Cir.1990) and *J.T. Gibbons, Inc. v. Crawford Fitting Co.*, 760 F.2d 613 (5th Cir.1985). But:

1. *McIlveen* suggested the possibility of awarding, under appropriate circumstances, the travel expenses of a *witness* (not a lawyer) to the site of the witness' deposition. But in the immediately preceding paragraph (910 F.2d at 1584) our Court of Appeals expressly adhered to its prior decision in *Wahl v. Carrier Mfg. Co.*, 511 F.2d 209, 217 (7th Cir.1975) that a *lawyer's* travel expenses incurred in attending a deposition are *not* recoverable as costs.

2. In a later incarnation of the *J.T. Gibbons* case (*Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441, 107 S.Ct. 2494, 2497, 96 L.Ed.2d 385 (1987)) no less an authority than the United States Supreme Court laid down the rule that the term "costs" as used in Rule 54(d) is specifically limited to items that are defined as "costs" under Section 1920. No added judicial discretion is conferred by the more general language of Rule 54(d) (482 U.S. at

441–42, 107 S.Ct. at 2497–98, accord, *Bankston v. State of Illinois*, 60 F.3d 1249, 1256–57 (7th Cir.1995)). And of course Section 1920 may be searched in vain for any provision having to do with an award of lawyers' travel expenses.

That travel-fee portion of Packaging's request is therefore rejected.

### Copying Fees

■ Packaging also seeks to tax Jansen for $3,197 in photocopying costs, a figure accounted for by attempting to charge $.20 per page for 15,985 photocopied pages. Although that category of expenses is certainly covered by Section 1920(4), the amount sought by Packaging is excessive.

■ To be sure, Packaging need not furnish a description of such expenses "so detailed as to make it impossible economically to recover photocopying costs" (*Northbrook Excess & Surplus v. Procter & Gamble*, 924 F.2d 633, 643 (7th Cir.1991)). In lieu of attempting such a burdensome task, Packaging's R.Mem. 6–7 has generated a good faith estimate under which the total photocopying included about 5,600 pages of pleadings, about 1,000 pages of document production, about 600 pages of correspondence and copies and about 3,000 pages relating to depositions,[3] with the remaining 5,785 copies covering "miscellaneous copies necessarily obtained for use in the case, such as draft and working copies of pleadings, copies of key cases, copies of legal memos, and similar items."

This Court accepts Packaging's representations as to the first three of those items, and so it approves the copying request (except as to the per-page price) in those respects. But neither of the other two categories can be approved as is.

First, this Court rejects both aspects of the proposed charge for deposition pages (see n. 3). For one thing, counsel's added copies represent an internal convenience and not a necessity. And as for the rest of that

---

**3.** In that latter respect Packaging says that the depositions themselves occupied some 1,650 pages and that it "made at least one copy of each deposition for use by counsel in drafting the

motion for summary judgment, and copied approximately an additional 1,350 pages of depositions for submission to the Court."

claim, making copies for this Court was totally unnecessary—it would have been far preferable to deliver the original depositions to this Court for its consideration in ruling on the summary judgment motion (indeed, the practice of some litigants in delivering to this Court only portions of depositions, rather than the entire depositions together with the references called for by this District Court's GR 12(m) and (n), often creates serious problems in addressing Rule 56 motions).

Nor can Packaging's final catch-all category be approved, for several of its components are plainly problematic—"copies of key cases" is only an example. Though it is of course even more difficult for this Court to quantify the disallowable numbers of copies with precision than it was for Packaging to quantify its request in retrospect, this Court will reject about one-third of that catch-all number (1,925 copies) as most likely representing items of convenience rather than necessity.

In summary, the requested 15,985 copies are thus reduced to 11,060 copies. And this Court also rejects the notion of shifting to Jansen the burden of paying Packaging's entire charge to its client at $.20 per page, when photocopying is commercially available at a lower figure (in that regard Packaging has not quarreled with Jansen's representation that "the reasonable and customary charge is $.08 per page"). That reduces the allowable photocopying costs to $884.80.

### Expert Witness Fee

 Packaging's final item seeks $3,740 for the services of Dr. Rossiter, the psychiatrist whom it retained to conduct a psychological evaluation of Jansen. It seeks to bootstrap that request by pointing (1) to this Court's earlier opinion granting Packaging's motion for leave to conduct such an examination (158 F.R.D. 409) and (2) to this Court's later January 6, 1995 denial of Packaging's motion to require Jansen to pay one-half of the psychiatrist's fees up front (in the latter respect, Packaging points to the fact that this Court reserved to a later date the issue of ultimate responsibility for those fees).

Once again Packaging has not presented matters fairly. For one thing, it is wholly inaccurate to characterize Dr. Rossiter as a "court-appointed" independent expert (R.Mem.4)—it was solely Packaging's decision to retain an expert over Jansen's objections, and this Court then simply required that the expert to be used by Packaging must be independent rather than a hired gun (thus the situation was in sharp contrast to the procedure for "court appointed experts" contemplated by Fed.R.Evid. 706). And on the merits, *Crawford Fitting* has *expressly* rejected the power of federal courts "to require a losing party to pay the compensation of the winner's expert witnesses" (482 U.S. at 438, 107 S.Ct. at 2495) except as specified in Sections 1920 and 1821 (*id.* at 445, 107 S.Ct. at 2499). In summary, this final component of Packaging's request is denied.

### *Further Reduction?*

 As indicated earlier, there is case law authority for a district court to disallow part or all of a prevailing party's request for fees for "misconduct ... worthy of a penalty." Although the examples of such misconduct set out in *Congregation of the Passion*, 854 F.2d at 222 do not cover the specific conduct involved here on Packaging's part—attempting to enlarge its costs award in some plainly impermissible ways—this Court views that activity as calling for a diminished award (as it did in *Nochowitz v. Ernst & Young*, 864 F.Supp. 59, 61 (N.D.Ill.1994)), both as a modest sanction for the offending litigant and as a deterrent to any attempt at similar overreaching by other litigants in other cases.

This Court has considered that possibility of a partial disallowance in light of the several respects, discussed earlier in this opinion, in which Packaging's request for taxation of costs represents material overreaching on its part. It has concluded that some price may reasonably be imposed on a litigant such as Packaging for having put its adversary and this Court to work in converting what should be a pro forma exercise (the submission and approval of a conventional bill of costs) into a "federal case" (albeit of modest proportions) by making some claims that do not bear a

semblance of merit.[4]

To that end a modest reduction in the amounts approved in this opinion is in order. This Court will accordingly reduce the allowable costs by 20%.

#### Conclusion

For the reasons previously stated in this memorandum opinion and order, Packaging's motion for taxation of costs in the aggregate sum of $14,275.46 is denied. Instead this Court awards as costs 80% of the sum of (1) $5,054.59 plus (2) such portion (if any) of the $2,333.55 "copies of the transcripts" item as may be allowed. In that latter respect, Packaging is ordered to supplement its prior submissions with an appropriate further explanation on or before October 6, 1995.

---

**4.** This is not simply a matter of winning or losing. As the analysis here has reflected, Packaging has cited one case (*McIlveen*) for exactly the opposite proposition from the case's actual holding and has sought to recover for other expenses that fly in the face of a square Supreme Court precedent (*Crawford Fitting*) that rejects such a claim as a matter of law—and in the latter instance its counsel cannot even rely on a claim of inadequate research, for the most fundamental step of Shepardizing a case that they *did* cite (an earlier aspect of *Crawford Fitting*) would have led them directly to the controlling Supreme Court precedent.