**Cara Leslie ALEXANDER, et al., Plaintiffs,**

v.

**FEDERAL BUREAU OF INVESTIGATION, et al., Defendants.**

**Nos. Civ. 96–2123 RCL, Civ. 97–1288 RCL.**

United States District Court, District of Columbia.

June 15, 1998.

Larry Elliot Klayman, Judicial Watch, Inc., Washington, DC, for plaintiff.

James Jordan Gilligan, Elizabeth Jane Shapiro, Julia Fayngold, U.S. Department of Justice, Washington, DC, for FBI and Executive Office of the President.

David Evan Kendall, Nicole Kay Seligman, Paul Benedict Gaffney, Williams & Connolly, Washington, DC, for defendant Hillary Rodham Clinton.

James Franklin Fitzpatrick, Michael R. Geske, Arnold & Porter, Washington, DC, Peter Z. Zimroth, Arnold & Porter, New York City, for defendant Bernard W. Nussbaum.

Randall James Turk, David S. Cohen, Miller, Cassidy, Larroca & Lewin, L.L.P., Washington, DC, for defendant Craig Livingstone.

Robert Weinberg, Bredhoff & Kaiser, P.L.L.C., Washington, D.C., Robert Muze,

Stein, Mitchell & Mezines, Washington, D.C., for defendant Anthony Marceca.

## MEMORANDUM AND ORDER

LAMBERTH, District Judge.

This matter comes before the court on plaintiffs' Motion to Modify February 13, 1998 Protective Order, Plaintiff Cara Alexander's Motion for Protective Order, defendant Executive Office of the President's Motion to Compel Discovery and for Costs and Attorney's Fees, and plaintiffs' Motion for Enlargement of Time to Produce Medical and Other Records. Upon consideration of the submissions of the parties and the relevant law, plaintiffs' Motion to Modify February 13, 1998 Protective Order is GRANTED and all documents produced by plaintiffs in response to document request 11 of defendants' October 22, 1997 discovery request shall be limited to use by defendants' counsel only for purposes of this litigation and shall not be disseminated to defendants without prior leave of this court; Plaintiff Cara Alexander's Motion for Protective Order is GRANTED and the Amended Complaint is deemed further amended and all non-economic or special damages asserted by Alexander in the complaint are hereby stricken; defendant Executive Office of the President's Motion to Compel Discovery and for Costs and Attorney's Fees is GRANTED in part and DENIED in part; and plaintiffs' Motion for Enlargement of Time to Produce Medical and Other Records is GRANTED.

### I. *Background*

As stated in several opinions by this court, the underlying allegations in this case arise from what has become popularly known as "Filegate." According to their complaint, plaintiffs allege that their privacy interests were violated when the Federal Bureau of Investigation ("FBI") improperly handed over to the White House hundreds of FBI files of former political appointees and government employees under the Reagan and Bush Administrations.

On February 13, 1998, this court entered a protective order "pertain[ing] to documents or information in the plaintiffs' or federal defendants' possession, custody or control concerning personal information about an individual that is marked 'Subject to Protective Order,' or given some comparable marking, by the producing party." Protective Order of Feb. 13, 1998, ¶ 1. This protective order provides that neither plaintiffs nor federal defendants are permitted to disclose any information covered in paragraph one of the order to any person or entity for any reason other than for purposes of litigating this case. *Id.* ¶¶ 2–3. The protective order also lists the class of individuals to whom this information can be provided in preparation of trial and this class includes parties and counsel. *Id.* ¶ 4.

Prior to the court's entry of this protective order, plaintiffs expressed concern over whether defendants should have access to certain materials disclosed to counsel for defendants during discovery. During a status conference held on February 13, 1998, the court stated that plaintiffs' concerns would be addressed if plaintiffs filed a motion to modify the protective order and plaintiffs should move to extend the time for producing the materials requested until such a time as the court ruled on the motion to modify. Presently, plaintiffs have filed motions to modify the protective order and to extend the time for producing medical and other records requested by defendants. Defendant Executive Office of the President ("EOP") has also filed a motion to compel the production of discovery materials responsive to the discovery request served on plaintiffs on October 22, 1997. Additionally, defendants seek attorneys' fees and costs.

### II. *Analysis*

#### A. *Plaintiff Cara Alexander's Motion for Protective Order*

The court turns first to plaintiff Cara Alexander's Motion for Protective Order. This motion states that Alexander has become concerned about the release of any such medical and other information to defendants and requests that the court enter a protective order denying defendants access to "highly sensitive medical and other records and information." As grounds to support the entry of the protective order by this court, the

motion specifies that Alexander has decided to forgo any claim for special damages arising from the emotional distress she suffered as a result of the alleged acts at issue in this case. Consequently, she asserts that she should not have to produce records and information sought by defendants.

Defendants oppose the motion and it is their position that they are entitled to discovery regarding all of Alexander's damages as alleged in her complaint. Defendants contend that plaintiffs have been notified that if the complaint is amended to withdraw any claim for non-economic damages by Alexander, defendants will modify their discovery requests accordingly.

■ Plaintiffs state that the entry of a protective order would be "the simpler and less costly of the two ways that the parties have proposed to achieve the same goal." Reply to Defs.' Opp. at 2. Indeed, plaintiffs are correct that both methods would achieve the same goal. For this reason, plaintiffs' complaint shall be deemed amended with respect to plaintiff Cara Alexander and all non-economic or special damages asserted by Alexander in the complaint are hereby stricken and her motion for a protective order is granted. Defendants shall modify their discovery requests accordingly.

B. *Plaintiffs' Motion to Modify February 13, 1998 Protective Order*

The protective order of February 13, 1998 prohibits defendants and their representatives, including counsel, from disclosing any materials covered by the protective order to other parties or from using this information for purposes unrelated to this case. Plaintiffs seek to modify this protective order to prohibit defendants from having access to this information and request that the protective order limit dissemination strictly to counsel for defendants.

Plaintiffs state that the information contained in the medical histories sought and other "highly sensitive records" include psychiatric and other matters of a potentially embarrassing nature. It is believed that such documents could be used against plaintiffs and the request for the modification of

the protective order is premised on "[d]efendants' past course of conduct, as well as their apparent, continuing willingness to use confidential information against adversaries of the President and Mrs. Clinton." Pls.' Mot. to Modify Feb. 13, 1998 Protective Order at 3. Plaintiffs claim that any benefit that could be derived from disclosure of this information is greatly outweighed by the substantial risk of improper use of these records.

Defendants oppose the modification of the protective on several grounds. Defendants assert that plaintiffs are unable to justify the need for the modification of the protective order because they have publicly placed their medical condition at issue and will necessarily be required to expound on the nature and degree of any injuries asserted at some point in this litigation. Defendants contend that plaintiffs' claims of injury are central to this case because these injuries bear on issues of standing and class certification. In sum, it is defendants' position that it would be manifestly unfair for plaintiffs to demand $90 million in damages from defendants and simultaneously demand that the same defendants be barred from reviewing the evidence underlying the damages claimed.

■ Rule 26(c) of the Federal Rules of Civil Procedure permits the court to issue protective orders to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R.Civ.P. 26(c). Whether to lift or modify a protective order is a decision committed to the sound discretion of the trial court. *In re Agent Orange Product Liability Litig.*, 821 F.2d 139, 147 (2d Cir.1987).

■ "Psychological and medical examinations are by their nature intrusive and implicate sensitive matters." *Hirschheimer v. Associated Metals & Minerals Corp.*, 1995 WL 736901, *3 (S.D.N.Y. Dec. 12, 1995) (citing *Jansen v. Packaging Corp. of America*, 158 F.R.D. 409, 410 (N.D.Ill.1994)). However, a party seeking a protective order, or in the instant case the modification of an existing protective order, must still sustain the burden of proving that good cause exists for a protective order or its modification. *Id.* Indeed, broad allegations of harm unsubstantiated by specific examples will not suffice to

justify the issuance or modification of a protective order.

■ The addition of an "attorneys' eyes only" clause to the protective order sought by plaintiffs is not without precedent. Defendants' assertion that modification of the protective order at issue would deprive them of a meaningful ability to "review[] the evidence against them and develop[] litigation strategy," Opp. to Pls.' Mot. to Modify Protective Order at 8, is without merit given the current circumstances of the case. As one court has stated:

Ample precedent exists for limiting disclosure of highly sensitive, confidential or proprietary information to attorneys and experts, particularly where there is some risk that a party might use the information or disseminate it to others who might employ it to gain a competitive advantage over the producing party.

*Westside–Marrero Jeep Eagle, Inc. v. Chrysler Corp., Inc.,* 1998 WL 186728 (E.D.La. April 17, 1998) (citing numerous cases).

While most cases limiting disclosure of information to attorneys involve trade secret or other proprietary information, the same rationale applies to information obtained through medical or psychological examinations. The allegations forming the basis of this suit focus on the disclosure of private and confidential information concerning plaintiffs that has been obtained by defendants. Although the court reaches no conclusion on the arguments set forth by plaintiffs in their efforts to demonstrate the

likelihood that defendants will improperly disclose the private information at issue,[1] the modification of the protective order will insure that plaintiffs will not suffer harm similar to that specifically alleged in their complaint. Furthermore, at this stage of the litigation, defendants are unable to demonstrate any actual prejudice from their personal inability to review the information that will be provided by plaintiffs. In the future, defendants may challenge the "attorneys' eyes only" designation on any particular documents specifically identified or may file a motion to modify the protective order should circumstances require the modification of the order. Accordingly, the protective order of February 13, 1998 is hereby modified to prohibit disclosure of information marked as "attorneys' eyes only" or in some other similar fashion to defendants in this case. All other portions of the protective order remain unchanged.

## C. EOP's Motion to Compel Discovery and for Attorneys' Fees and Costs and Plaintiffs' Motion for Enlargement of Time to Produce Medical and Other Records

In a discovery request served upon plaintiffs on October 22, 1997, EOP requested all documents relating to plaintiffs' claims of both economic and non-economic damages. In the motion to compel discovery, EOP states that plaintiffs have failed to produce any documents or answers in response to document requests 10 and 11[2] or in response

---

1. Plaintiffs cite George Stephanopoulos' references to an "Ellen Rometsch" strategy among White House allies, the disclosure of certain information pertaining to Linda Tripp, and recent actions by Louis Freeh, Director of the Federal Bureau of Investigation to support their motion to modify the protective order. The court reaches no conclusion on whether these and other actions cited by plaintiffs warrant the modification of the protective order. The court's decision on this issue is guided strictly by the nature of the suit and the allegations made by plaintiffs in their complaint.

2. Document request number 10 asked plaintiffs to provide:

For each plaintiff, all documents that refer or relate to, whether or not they tend to support plaintiffs' allegations that the named

plaintiffs "have suffered serious and substantial harm and adverse effects" as a result of defendants' alleged conduct, "including but not limited to out-of-pocket expenses and loss of time necessarily incurred in investigating and responding to Defendants' unlawful conduct, emotional distress, mental anguish, embarrassment, inconvenience, and unfairness." EOP's Mot. to Compel Ex. 1 at 12–13.

Document request number 11 asked plaintiffs to provide:

For each plaintiff, all documents that refer or relate to any consultation by or regarding you that has taken place from June 1, 1991 to the present with any physician, psychiatrist, psychologist, therapist, counselor, social worker, clergyman, consultant, adviser or other medical, spiritual or mental-health professional or care-giver of any kind whom you have consulted or whose services you have sought

to interrogatory 1.[3] Because the responses served by plaintiffs raised no objections to EOP's requests, EOP contends that there is no justification for plaintiffs' failure to provide the requested information.[4] Accordingly, EOP requests that this court compel plaintiffs to respond to the document requests and interrogatory at issue.

Plaintiffs contend that the delay in the production of responsive materials resulted from their concerns that the defendants would use the information produced "to harm or even destroy those it perceives to be adversaries." Pls.' Opp. to EOP's Mot. to Compel at 2. Plaintiffs claim that the delay in production was also necessitated by their efforts to modify the February 13, 1998 protective order which this court has now addressed. Consistent with this position, plaintiffs have requested an enlargement of time to produce medical and other highly sensitive records pending the court's ruling on their motion to modify the February 13, 1998 protective order as discussed above. Plaintiffs state that this court previously indicated that plaintiffs could seek to modify the February 13, 1998 protective order and seek an enlargement of time to produce records pending the court's ruling on that issue.

 Because the court has now ruled on plaintiffs' motion to modify the protective order, defendants' motion to compel is granted and plaintiffs shall produce all outstanding documents responsive to document requests 10 and 11 and shall provide a response to interrogatory 1 within ten days of this date. This production shall include all responsive materials regardless of whether the materials are covered by the protective order as modified. Furthermore, plaintiffs shall not withhold documents based on unilateral claims of relevance. See, e.g., EOP's Mot. to Compel Ex. 2 at 8 ("Plaintiff will provide any such relevant information only upon entry of a court order protecting the disclosure of the information sought for release to the public or agencies, entities, organizations, or persons not entitled to such information."). Plaintiffs may not arrogate to themselves the power to determine what constitutes a relevant document and no proper objections were served by plaintiffs addressing the requests at issue. See Smith v. Logansport Comm. Sch., 139 F.R.D. 637, 648 (N.D.Ind. 1991) (considering requests for medical documents and concluding "[i]f plaintiff believed that the request was not reasonably calculated to lead to the discovery of admissible evidence ... she should have objected or sought a protective order."). Plaintiffs' equivocal statement that they will produce "all relevant information" does not constitute an objection based on relevancy. As plaintiffs have filed neither objections to defendants' discovery requests 10 and 11 or interrogatory 1, nor a motion for a protective order, any objections have been waived and

---

for any reason, including all documents pertaining to any diagnosis of plaintiff.
*Id.* at 13.

**3.** Interrogatory number 1 requested that:

For each named plaintiff, state the name, address and telephone number of every physician, psychiatrist, psychologist, therapist, counselor, social worker, clergyman, consultant, adviser or other medical, physical, emotional, spiritual or mental-health professional or care-giver of any kind whom you have consulted or whose services you have sought for any reason, whether or not having to do with defendants' alleged conduct in this action from June 1, 1991 to the present.
EOP's Mot. to Compel Ex. 1 at 8.

**4.** Plaintiffs responded to document request 10 as follows:

As discovery has just commenced, all such information requested by the Clinton White House is available in the public domain and before relevant Congressional investigative committees. This information is contained in printed publications, via the Internet, and in other public sources. It is also within the custody, possession, and control of Defendants themselves.

In addition, Plaintiffs will provide any such relevant information only upon entry of a court order protecting the disclosure of the information sought for release to the public or agencies, entities, organizations, or persons not entitled to such information.
EOP's Mot. to Compel Ex. 2 at 8.

Plaintiffs responded to interrogatory number 1 by stating that:

Plaintiffs will provide any such relevant information to the Clinton White House only upon entry of a court order protecting the disclosure of any such information sought from release to the public or agencies, entities, organizations, or persons not entitled to such information.
*Id.* at 3.

plaintiffs must produce all responsive documents and provide a response to interrogatory 1. Moreover, the information sought by EOP in the document requests and interrogatory is relevant to the issues of this lawsuit including the existence and extent of any injuries claimed by plaintiffs.

 Accordingly, defendants' motion to compel is granted in part and plaintiffs' motion for an enlargement of time is also granted. As stated, documents and answers responsive to the document requests and interrogatory at issue shall be provided to defendants within ten days of this date. EOP's request for attorneys' fees and costs is denied as it is the conclusion of the court that production of responsive materials was withheld by plaintiffs pending resolution of their motion requesting the modification of the February 13, 1998 protective order.

### III. *Conclusion*

For the reasons stated herein, plaintiffs' Motion to Modify February 13, 1998 Protective Order is GRANTED and all documents produced by plaintiffs in response to document request 11 of defendants' October 22, 1997 discovery request shall be limited to use by defendants' counsel only for purposes of this litigation and shall not be disseminated to defendants without prior leave of this court; Plaintiff Cara Alexander's Motion for Protective Order is GRANTED and the Amended Complaint is deemed further amended and all non-economic or special damages asserted by Alexander in the complaint are hereby stricken; defendant Executive Office of the President's Motion to Compel Discovery and for Costs and Attorney's Fees is GRANTED in part and DENIED in part; and plaintiffs' Motion for Enlargement of Time to Produce Medical and Other Records is GRANTED.

The February 13, 1998 protective order is hereby modified as follows: "All future discovery materials pertaining to plaintiffs' special or non-economic damages may be labeled as 'attorneys' eyes only' and shall be limited to use by defendants' counsel only for purposes of this litigation and shall not be disclosed to defendants without prior leave of this court."

Plaintiffs shall provide defendants with documents responsive to document requests 10 and 11 and a response to interrogatory 1 of the October 22, 1997 discovery request within 10 days of this date.

SO ORDERED.