**Mary–Beth NOLAN, Plaintiff,**

v.

**INTERNATIONAL BROTHERHOOD OF TEAMSTERS HEALTH & WELFARE AND PENSION FUNDS, LOCAL 705, Defendants.**

**No. 99 C 4524.**

United States District Court,
N.D. Illinois,
Eastern Division.

Feb. 23, 2001.

Susan Bogart, Chicago, IL, for plaintiff.

James Patrick Daley, David M. Novak, Miles Victor Cohen, Bell, Boyd & Lloyd, Chicago, IL, for defendant.

## MEMORANDUM ORDER

BOBRICK, United States Magistrate Judge.

Before the court is the motion of defendant International Brotherhood Of Teamsters Health & Welfare And Pension Funds, Local 705 for leave to conduct a psychological examination of plaintiff.

## I. BACKGROUND

On July 23, 1999, plaintiff, who is presently employed by the defendant, filed a complaint under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000–2 et seq. and the Civil Rights Act of 1991 (cite) alleging that defendant violated her civil rights by engaging in sexually harassing conduct and gender bias against her. In her amended complaint, plaintiff seeks damages for emotional pain and suffering, inconvenience, and mental anguish. (Plaintiff's Amended Complaint, p. 6) On August 3, 2000, defendant filed its motion seeking the court to compel plaintiff to submit to a psychological examination under Rule 35 of the Federal Rules of Civil Procedure ("Rule 35"). In its motion defendant argues that because plaintiff has pled such "intangible harms" as emotional pain and suffering and mental anguish as an element of her damages, plaintiff has placed her mental condition in controversy in this case. (*Defendant's Motion*, at ¶ 5). The defendant thus claims that the requisite "in controversy" and "good cause" elements under Rule 35 are sufficiently satisfied for this court to order the psychological examination of the plaintiff. (*Id.*).

The plaintiff, on the other hand, argues in her response to defendant's motion that while she does seek compensation for emotional pain and suffering resulting from defendant's allegedly wrongful treatment, she "merely seeks compensation for her humiliation and embarrassment." (*Plaintiff's Response*, at 1). Plaintiff claims, in essence, that her mental condition is not placed in controversy in this litigation as required under Rule 35 simply by seeking damages for emotional pain and suffering as an element of her prayer for relief. She argues that the damages sought are limited to humiliation and embarrassment and that she has not asserted claims for damages in her complaint requiring proof by expert testimony.

## II. ANALYSIS

Rule 35 provides in relevant part:

(a) Order for Examination. When the mental or physical condition (including the blood group) of a party or of a person in

the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner or to produce for examination the person in the party's custody or legal control. The order may be made only on a motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.

Fed.Rule Civ.Proc. 35(a).

The leading case in regards to Rule 35 examinations, as duly noted by both parties, is *Schlagenhauf v. Holder*, 379 U.S. 104, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964). That case involved a Rule 35 motion to compel a battery of physical and psychological examinations in a negligence action upon a bus driver defendant by co-defendants who asserted as a defense that the bus driver was not mentally or physically capable of driving the bus. *Id.* at 107–09, 85 S.Ct. 234. While the District Court had ordered that the defendant undergo the examinations and the Appellate Court denied a writ of mandamus by that defendant seeking to have the order set aside, the Supreme Court seized the opportunity "to review undecided questions concerning ... the construction of Rule 35. *Id.* at 109, 85 S.Ct. 234. The Supreme Court viewed the insertion of the phrases "in controversy" and "good cause" in the language of the rule as a "plainly expressed limitation" on the rule's use. *Id.* at 118, 85 S.Ct. 234. The Court thus concluded, "[r]ule 35, ... requires discriminating application by the trial judge, who must decide, as an initial matter in every case, whether the party requesting a mental or physical examination or examinations has adequately demonstrated the existence of the Rule's requirements of "in controversy" and "good cause," which requirements, ... are necessarily related." *Id.* at 118–19, 85 S.Ct. 234.

Both plaintiff and defendant in the instant case have cited portions of the *Schlagenhauf* opinion and naturally, each citation appears to support the party's position that quoted it.

If the truth be told, *Schlagenhauf* does not really answer the precise question before this Court. On the one hand, the *Schlagenhauf* Court stated that the "in controversy" and "good cause" requirements "are not met by mere conclusory allegations of the pleadings—nor by mere relevance to the case—but require an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination." *Id.* at 118, 85 S.Ct. 234. On the other hand, the Court stated, "[o]f course, there are situations where the pleadings alone are sufficient to meet these requirements. A plaintiff in a negligence action who asserts mental or physical injury places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury." *Id.* at 119, 85 S.Ct. 234.

The defendant in this case has posited that *Schlagenhauf* stands for the proposition that the pleadings alone are sufficient to meet Rule 35 requirements. (*Defendant's Reply in Support of Their Motion* at 3). The language quoted immediately above refutes this broad reading of *Schlagenhauf*. The Court merely acknowledged that there are situations in which allegations in the pleadings may squarely place the mental or physical condition of one of the parties "in controversy" such as where a plaintiff asserts mental or physical injury in a negligence action.

Plaintiff's attempt to distinguish a Northern District of Illinois case quoted by defendant that granted the motion to compel a Rule 35 examination is equally unpersuasive. (*Plaintiff's Response* at 4). Defendant correctly points out that the opinion in *Jansen v. Packaging Corporation of America*, 158 F.R.D. 409 (N.D.Ill.1994), makes no mention of whether the plaintiff's plan to present expert medical testimony regarding her mental state was a factor in granting the Rule 35 motion. (*Defendant's Reply in Support of Their Motion* at 4). However, there is a further and more important reason why *Jansen* is not controlling in this case. While *Jansen* does appear to say that the "in con-

troversy" requirement of Rule 35 was met based solely on allegations in the pleadings, that opinion contains virtually no analysis of the more specific questions presented here. *Jansen,* 158 F.R.D. at 410. In *Jansen,* the court simply stated that "there is no question that by advancing such intangible harms as a component of her damages claim Jansen has not only placed her mental condition 'in controversy' but has confirmed the existence of 'good cause' ..." *Id.* There is but mere mention of the allegations of past and ongoing emotional distress. *Id.* The *Jansen* Court gave no detail with respect to the nature of plaintiff's emotional distress claim such as whether plaintiff's emotional distress requires treatment, whether the emotional distress claimed by the plaintiff was considered a psychological injury, whether the plaintiff planned to rely on the testimony of medical experts, or whether the emotional distress complained of rises only to a level expected to be experienced by anyone who is the victim of discrimination. *Id.* In short, *Jansen* is void of detail sufficient for this Court to surmise whether Judge Shadur was considering a claim of emotional distress akin to humiliation and embarrassment or whether that case involved something more closely related to a psychological condition, injury, or disorder. It is clear that courts would be setting bad precedent and overstepping the limitations imposed by Rule 35 if they were to allow psychological examinations in every case where a plaintiff claimed damages for emotional distress or mental anguish of the type that any well balanced individual would experience as the victim of discrimination. Further, the flood gates would be cast wide open and abuses of this discovery device would abound if this Court were to state that an allegation of humiliation and embarrassment is sufficient to place a party's mental state "in controversy" as the defendant in this case suggests. (*Defendant's Reply in Support of Their Motion,* at 5).

■ We are therefore faced with the specific question of whether a claim for damages sounding in "emotional pain, suffering, inconvenience, and mental anguish" as the plaintiff claims here, is sufficient to place the plaintiff's mental state "in controversy" as required under Rule 35 to warrant an order for her psychological examination. (*Amended Complaint,* p. 6). Courts have answered this question in conflicting ways but the clear weight of authority on this issue shows that a simple claim of emotional distress does not *automatically* justify a Rule 35 order compelling an examination.[1]

As the *Turner* Court pointed out, in cases where the court has ordered a Rule 35 examination, more than a simple claim of emotional distress was involved:

> These cases suggest that courts will order plaintiffs to undergo mental examinations where the cases involve, in addition to a claim for emotional distress, one or more of the following: 1) a cause of action for intentional or negligent infliction of emotional distress; 2) an allegation of specific mental or psychiatric injury or disorder; 3) a claim of unusually severe emotional distress; 4) plaintiff's offer of expert testimony to support a claim of emotional distress; and/or 5) plaintiff's concession that his or her mental condition is "in controversy" within the meaning of Rule 35(a).

*supra,* n. 1; *Turner,* 161 F.R.D. at 95.

Significantly, other courts have refused to order Rule 35 examinations on the basis that a mere claim for emotional distress does not necessarily place the party's mental condition "in controversy." *See, Bridges v. Eastman Kodak Company,* 850 F.Supp. 216 (S.D.N.Y. 1994); *Robinson v. Jacksonville Shipyards,*

---

1. In *Turner v. Imperial Stores,* 161 F.R.D. 89 (S.D.Cal.1995), the court conducted a thorough and thoughtful analysis of precisely this issue. There, a plaintiff brought an action against her former employer for wrongful termination and discrimination under, *inter alia,* Title VII of the Civil Rights Act of 1964. Plaintiff's prayer for relief included claims for damages stemming from humiliation, mental anguish, and emotional distress. The defendant argued that, by making "emotional distress" an element of her damages, the plaintiff had placed her metal state "in controversy" as required under Rule 35 and thus, the court should compel plaintiff to submit to a psychological examination as requested by defendant. The court disagreed finding that while a few courts have found a claim of emotional distress sufficient to order the examination (including *Jansen*), "[m]ost cases in which courts have ordered mental examinations pursuant to Rule 35(a) involve something more than just a claim of emotional distress." *Id.* at 93

*Inc.,* 118 F.R.D. 525 (M.D.Fla.1988); *Cody v. Marriott Corp.,* 103 F.R.D. 421 (D.Mass. 1984); *see also, Sabree v. United Brotherhood of Carpenters & Joiners of America, Local No. 33,* 126 F.R.D. 422 (D.Mass.1989) (court finding that plaintiff's claim of emotional distress in employment discrimination action not sufficient to place plaintiff's mental state "in controversy" for purposes of Rule 34 production of medical records).

 This Court recognizes that it is true that the terms "emotional distress" and "mental anguish" lack the precision necessary to determine whether a party has placed her mental condition "in controversy" and recognizes the lack of precedent distinguishing "garden-variety" sorts of emotional distress from other, more severe, forms that clearly put a party's condition into controversy. However, plaintiff in this case has asserted that the form of emotional pain, suffering, and mental anguish for which she seeks compensation falls in the category of mere "humiliation and embarrassment." (*Plaintiff's Response,* at 1). This Court thus concludes, provided that plaintiff's damages claims are truly limited to compensation for her humiliation and embarrassment and that her Amended Complaint is amended to reflect such damages claims, plaintiff has not placed her mental condition "in controversy" for purposes of Rule 35. This Court further concludes that, while *Turner* sheds a great deal of light on how various courts have confronted this issue and employs a commonsense approach to clarifying the ambiguity of emotional distress and mental anguish, it is not prepared to endorse *Turner's* proposition that there must always be something in addition to a mere claim of emotional distress for a court to order a Rule 35 examination. A party could claim emotional distress or mental anguish without elaborating as to whether such a claim is based on humiliation, embarrassment, or emotional discomfort or whether the claim is based on an actual injury, a psychological disorder, or any distress rising above embarrassment and humiliation. Absent the elaboration needed for a court to ensure that the party is only seeking compensation for humiliation, embarrassment, or any run-of-the mill discomfort caused by unpleasant circumstances, courts must assume that the party claiming emotional distress has placed their mental state "in controversy" for the purposes of the Rule.

### III. *CONCLUSION*

For the foregoing reasons defendant's Motion For Leave to Conduct a Psychological Examination of Plaintiff is DENIED, subject to the condition that plaintiff amend its Amended Complaint to reflect the contentions in her Response in Opposition to Defendant's Motion to Conduct a Psychological Examination, that her claim for emotional pain, suffering, and mental anguish is limited to damages for her humiliation and embarrassment. Plaintiff is hereby given leave to amend her Amended Complaint consistent with this order.